CITY OF HOUSTON, Appellant,

v.

The HOUSTON FIREFIGHTERS' RELIEF AND RETIREMENT FUND, Appellee.

No. 01–04–00807–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 5, 2006.

Arturo G. Michel, City of Houston, City Atty., Constance K. Acosta, Dola J. Young, Senior Asst. City Attys., Houston, for appellant.

E. Troy Blakeney, Alvin James, Houston, Vincent L. Marable, III, Paul Webb, P.C., Wharton, Clifford Bowie Husted, William A. Worthington, Strasburger & Price L.L.P., Houston, for appellee.

Panel consists of Justices NUCHIA, JENNINGS, and HIGLEY.

## OPINION

TERRY JENNINGS, Justice.

 Appellant, the City of Houston (the "City"), challenges the trial court's summary judgment rendered in favor of appellee, the Houston Firefighters' Relief and Retirement Fund (the "Fund"), affirming the Fund's decision to award prior service credits to 22 firefighters pursuant to the Texas Local Fire Fighters Retirement Act[1] (the "Act") and ordering the City to pay its statutorily required contri-

butions pursuant to the Act.[2] In five issues, the City contends that the trial court erred in granting summary judgment because (1) the trial court lacked subject matter jurisdiction over the case because the firefighters "failed to comply with the 20-day mandatory jurisdictional requirement for appealing the decision of the Fund," (2) the firefighters failed to timely apply for the prior service credits within 60 days of membership in the Fund, (3) the firefighters failed to meet certain conditions precedent to obtain prior service credits, (4) the City's payment of contributions for prior service credits would constitute an illegal "gift of public funds," and (5) the firefighters and the Fund are estopped from bringing their claims by the doctrine of laches. Also, the City, in a supplemental issue, contends for the first time on appeal that the Fund's action against the City "is barred by sovereign immunity."[3]

We affirm.

## Background

The Fund is a statutory firefighters' pension fund created by former article 6243e.2 of the Texas Revised Civil Statutes.[4] In 1995 and 1996, approximately 100 City firefighters applied to the Fund

---

1. Tex.Rev.Civ. Stat. Ann. art. 6243e, § 1 (Vernon Supp.2005).

2. Act of May 27, 1975, 64th Leg., R.S., ch. 432, § 30, 64 Tex. Gen. Laws 1135, 1148 [hereinafter "former Tex.Rev.Civ. Stat. Ann. art. 6243e.2, § 30"], *repealed by* Act of May 21, 1997, 75th Leg., R.S., ch. 1268, § 3, 75 Tex. Gen. Laws 4794, 4811 (current version at Tex.Rev.Civ. Stat. Ann. art. 6243e.2(1), § 16(a) (Vernon Supp.2005)).

3. The City incorrectly uses the term "sovereign immunity." The term "sovereign immunity" refers to the State's immunity from suit and liability. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n. 3 (Tex.2003).

It protects the State and various divisions of the State government, including agencies, boards, hospitals, and universities. *Id.* The term "governmental immunity" refers to the protection given to political subdivisions of the State, including counties, cities, and school districts. *Id.* Thus, this case presents the issue of governmental immunity.

4. Act of May 27, 1975, 64th Leg., R.S., ch. 432, §§ 1–32, 64 Tex. Gen. Laws 1135, 1135–49, *repealed by* Act of May 21, 1997, 75th Leg., R.S., ch. 1268, § 3, 75 Tex. Gen. Laws 4794, 4811 (effective Nov. 1, 1997) (current version at Tex.Rev.Civ. Stat. Ann. art. 6243e.2(1), §§ 1–18 (Vernon Supp.2005)).

for prior service credits toward retirement under section 30 of former article 6243e.2, which provided that a firefighter may receive or transfer service credits toward retirement for time previously worked in another fire department if certain statutory criteria are met. *See* former TEX.REV. CIV. STAT. ANN. art. 6243e.2, § 30(a).

On January 23, 1997, after holding hearings in which the firefighters were permitted to offer proof in support of their applications for prior service credits, the board of trustees for the Fund (the "Board") determined that 22 of the approximately 100 firefighters met the eligibility criteria of the pension statutes. The Board approved the applications of these 22 firefighters, contingent upon the City making its statutory contributions as required by section 30 of former article 6243e.2. *Id.* The Board denied the remaining applications.[5]

The firefighters then made a demand on the City for the required statutory contributions. Following the City's rejection of this demand, all of the approximately 100 firefighters who had applied for prior service credits, including both those whose applications were approved and those whose were denied, filed suit against the Fund seeking judicial review of the Board's decisions.[6] The 22 firefighters whose applications were approved filed suit, in part, to challenge the Fund's condi-

tioning of the award of prior service credits upon the City first making its required statutory contributions. The firefighters also filed suit against the City for its refusal to make its statutorily required contributions. The Fund subsequently filed a cross-claim against the City, seeking a declaratory judgment that the City was obligated to make its statutory contributions to the Fund for the 22 approved applications for prior service credits and an injunction ordering the City to pay its required contributions for these firefighters.

The parties filed cross-motions for summary judgment and/or dismissal. In an order dated June 9, 2000, the trial court granted the Fund's summary judgment motion on its claims against the City, granted the Fund's motions to dismiss and for summary judgment as to the firefighters' claims, denied the firefighters' cross-motions for summary judgment, and denied the City's motion for summary judgment.[7]

### Governmental Immunity

■ At the outset, we note that the City, in a supplemental issue in its reply brief, for the first time in this case, argues that the trial court lacked subject matter jurisdiction over the Fund's action because the firefighters, "by seeking back pay and interest," are making claims for money damages. The City notes that "it is estab-

---

5. In its reply brief, the City asks this Court to affirm the Fund's decision to deny the prior service credit applications filed by the other approximately 78 firefighters. However, the Fund's denial of those applications is not before this Court.

6. Firefighters who possess certain statutory qualifications are provided a limited right of "appeal" to seek judicial review of the Fund's benefit determinations in district court. TEX. REV.CIV. STAT. ANN. art. 6243e.2(1), § 12 (Vernon Supp.2005).

7. The City of Houston previously appealed the June 9, 2000 order to this Court. We dismissed that appeal for lack of subject matter jurisdiction because the trial court had not entered a final judgment disposing of all claims. *City of Houston v. Houston Firemen's Relief & Ret. Fund,* No. 01–00–00739–CV, 2002 WL 437253, at *1 (Tex.App.-Houston [1st Dist.] March 21, 2002, no pet.). Following remand, a final judgment was entered by the trial court on June 28, 2004, an order and final judgment nunc pro tunc was entered on October 19, 2004, and this case is now properly before this Court.

lished that a suit which is brought ostensibly for the purpose of declaring rights, but actually seeks to impose liability on a subdivision of a state, is barred by sovereign immunity." *See Thayer v. Houston Mun. Employees Pension Sys.,* 95 S.W.3d 573, 577 (Tex.App.-Houston [1st Dist.] 2002, no pet.). The City appears to concede that its immunity would have been waived if the Fund had sought to construe a legislative pronouncement or if it had "a mandatory statutory obligation" to make the contribution. However, the City asserts that because the firefighters did not meet the prescribed statutory criteria, there was no such obligation and, thus, no waiver of its immunity.

The Fund argues that the City is not entitled to governmental immunity because the Fund "neither sought nor received a money judgment," the City's obligation to make the statutory contribution "is ministerial," "[governmental] immunity does not protect the [City] from suits for injunctive or declaratory relief," and the trial court merely ordered the City to comply with its statutory obligation. Alternatively, the Fund contends that the City waived its governmental immunity from suit.

 Under the doctrine of governmental immunity, a unit of government may not be sued without the express consent of the Legislature. *Gen. Servs. Comm'n v. Little–Tex Insulation Co.,* 39 S.W.3d 591, 594 (Tex.2001). Governmental immunity generally serves to protect governmental units from lawsuits for money damages. *Id.* It also protects a governmental unit from lawsuits that seek to control the unit's lawful actions by a final judgment made by a court of law. *Tex. Mun. Power Agency v. Pub. Util. Comm'n,* 100 S.W.3d 510, 515 (Tex.App.-Austin 2003, pet. denied). In the absence of a waiver of governmental immunity, a court has no subject matter jurisdiction to entertain a suit against a governmental unit. *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex.1999).

Here, the Fund seeks declaratory relief under the Uniform Declaratory Judgment Act ("DJA"), which is a "remedial statute designed to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations" and allows courts to declare relief whether or not further relief is or could be claimed. Tex. Civ. Prac. & Rem.Code Ann. § 37.002(b) (Vernon 1997). The DJA provides that "[a] person ... whose rights, status, or other legal relations are affected by a statute ... may have determined any question of construction or validity arising under the ... statute ... and obtain a legal declaration of rights, status, or other legal relations thereunder." *Id.* § 37.004(a).

 The Texas Supreme Court has noted that certain declaratory judgment actions do not implicate the doctrines of sovereign or governmental immunity. *See, e.g., Tex. Educ. Agency v. Leeper,* 893 S.W.2d 432, 446 (Tex.1994); *Tex. Highway Comm'n v. Tex. Ass'n of Steel Imps., Inc.,* 372 S.W.2d 525, 530 (Tex.1963); and *Cobb v. Harrington,* 144 Tex. 360, 190 S.W.2d 709, 712 (1945). Accordingly, Texas courts "distinguish suits to determine a party's right against the State from suits seeking damages" and "[a] party can maintain a suit to determine its rights without legislative permission." *Fed. Sign v. Tex. S. Univ.,* 951 S.W.2d 401, 404 (Tex.1997). However, a plaintiff cannot circumvent the doctrine of governmental immunity simply by characterizing a suit for money damages, such as a contract dispute, as a declaratory judgment action. *See Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 856 (Tex.2002); *City of San Benito v. Ebarb,* 88 S.W.3d 711, 721 (Tex.App.-Corpus Christi 2002, pet. denied).

In determining the nature of the Fund's suit and the relief granted, we consider the petition, the summary judgment motion, and the final judgment. In its petition, the Fund sought

(1) a declaratory judgment under chapter 37 of the Texas Civil Practice and Remedies Code that the City is obligated to pay to the Fund the amount set forth in Section 30(b) of the Act for any firefighter who is eligible for prior service credit under Section 30 of the Act;

(2) an injunction ordering the City to pay the Fund the payment required under Section 30 of the Statute in connection with the twenty-two approved applications involved in this case; and

(3) its attorneys' fees incurred in connection with this cross-claim under Section 37.009 of the Texas Civil Practice and Remedies Code.

In its summary judgment motion, the Fund sought summary judgment on the ground that "because the Board approved the twenty-two firefighters applications for prior service credit pursuant to its statutory adjudicative authority, the City is required to provide the funding mandated by subsection 30(b) of [former] Article 6243e.2." The Fund further sought summary judgment on the ground that "the City has no right to review the Fund's decisions regarding benefits determinations and has no discretion to refuse its statutorily required payments following the Fund's approval of prior service credits." Conversely, the City asserted that "[t]he only role the City would have ever assumed in this action is that the City would have contributed a certain percentage to the Fund in the event [that] the firefighters had properly and timely applied for the previous service credit" and that "[b]ecause none of the firefighters had

properly and timely applied for previous service credit, any offer of payment rests solely with the Fund."

The trial court granted the Fund's summary judgment motion and, on June 9, 2000, entered an order and final judgment, later modified by a judgment nunc pro tunc, stating, in pertinent part:

The undisputed appellate record provides the following background. The plaintiff/appellant firefighters applied for prior service credit in the Fund under Tex.Rev.Civ. Stat. art. 6243e.2, § 30, which provides that a firefighter may receive, or transfer, service credit toward retirement for time worked previously in another fire department provided that certain statutory criteria are met. After holding hearings in which the firefighters were permitted to offer proof in support of their claims, the Board approved the applications of 22 of the plaintiff/appellant firefighters.... The Defendant City of Houston refused to make its statutorily required contributions....

[T]he Court finds that the Fund is administered solely by the Board, and in accordance with art. 6243e.2, § 2(j), the Board has the exclusive power to hear and determine all applications for retirement benefits, including applications for prior service credit, under Section 30....

. . . .

[F]urthermore, because the City has failed to make its statutorily required contribution, the Board's condition of prior service credit upon receipt of the City's required contribution is in all things AFFIRMED, and, it is furthermore,

ORDERED, ADJUDGED and DECREED that ... the Fund's Cross–Action against the City of Houston is in all things GRANTED, and the City of

Houston is accordingly ORDERED to pay into the Fund, in accordance with article 6243e.2, § 30(b), an amount equal to the amount it would have paid had each of the following plaintiff/appellant [22] firemen [8] been employed by the City of Houston instead of the city from which the named plaintiff/appellant fireman transferred plus six percent (6%) interest, compounded annually.

As noted by the trial court, the underlying facts are largely undisputed; the issue presented to the trial court concerned the proper construction and application of the Act. In resolving the dispute between the Fund and the City, the trial court was required to review and construe the relevant provisions of the Act and then make a declaration concerning the Fund's and the City's rights and legal relations under that Act. Although the trial court's judgment contains reference to the City's statutory obligation to make contributions to the Fund, such reference is necessitated by the subject matter of the Act and the rights being declared; the trial court's judgment simply tracked the language of the relevant sections of the Act. Because the Fund brought a declaratory judgment action seeking to determine the proper construction of the Act and to obtain a declaration of the parties' rights, status, and other legal relations under the Act and because the trial court made a declaration concerning such rights, we hold that the trial court did not render a "money judgment" that would implicate the doctrine of governmental immunity. *See Houston Mun. Employees Pension Sys. v. Ferrell,* 177 S.W.3d 502, 511 (Tex.App.-Houston [1st Dist.] 2005, pet. filed); *see also City of Waco v. Bittle,* 167 S.W.3d 20, 26–27 (Tex. App.-Waco 2005, pet. denied) (finding action seeking declaratory judgment that City failed to comply with duty to pay compensation and benefits and writ of mandamus compelling City to comply with such duty was not barred by governmental immunity).

The issue presented here is similar to the issue presented in *City of Houston v. Williams,* 183 S.W.3d 409 (Tex.App.-Houston [14th Dist.] 2005, no pet.). In that case, retired firefighters brought suit against the City for improperly deducting overtime amounts from their termination payouts and for failing to provide them with "premium pay." *Id.* at 415. The City asserted that the trial court lacked jurisdiction because the firefighters were seeking money damages. *Id.* Our sister court rejected this argument because the trial court reserved any determination of money damages and because "the firefighters asked the trial court to, and the trial court did, construe the relevant statutory provisions before declaring that the City's methods of calculating the firefighters' pay did not comply." *Id.* at 416.

Contrary to the City's assertions, this case is distinguishable from *IT–Davy,* in which the plaintiff sought a declaration from the trial court that it had "performed additional work and incurred additional expenses beyond the [scope of the contract] and thus, the [State] owed [it] more money." 74 S.W.3d at 859. In *IT–Davy,* the Texas Supreme Court held that the plaintiff was "seeking a declaratory judgment only in an attempt to have the trial court decide its breach-of-contract claim." *Id.* at 860. This case is also distinguishable from *Ebarb,* 88 S.W.3d 711. The city employees in *Ebarb* sought "declaratory relief" that they were entitled to be compensated in accordance with a city ordinance, in spite of a conflicting, newly-enacted ordinance, and that they were entitled to the "lieutenant" salary classification. *Id.* at 722. The

---

**8.** The order contained the names of 22 firefighters.

court noted that the employees neither challenged the validity of the ordinances nor raised any question regarding the construction of the ordinances, but instead the employees sought only a declaration that they were entitled to compensation had the city not reduced the salary classifications under the newly enacted ordinance and that they were entitled to a different salary classification. *Id.* Moreover, the plaintiffs did not assert that the newly enacted ordinance was invalid or "that the City acted outside its authority." *Id.* Thus, a mere declaration of the plaintiffs' rights under the original ordinance would not have resolved their claims that they were entitled to a certain amount of compensation "in spite of the City's promulgation of [the newly enacted] ordinance." *Id.*

Here, as noted above, the trial court was required to review and construe the relevant provisions of the Act and then make a declaration concerning the Fund's and the City's rights and legal relations under that Act. Because the Fund has brought a declaratory judgment action to determine the proper construction of the applicable provisions of former article 6243e.2 and to

obtain a declaration of its rights, status, and legal relations under the Act, we hold that its action does not implicate the doctrine of governmental immunity.

We overrule the City's supplemental issue.[9]

## Notice of Intent to Seek Judicial Review

In its first issue, the City argues that the trial court lacked subject matter jurisdiction over the Fund's cross-claim because the firefighters "failed to comply with the 20–day mandatory jurisdictional requirement for appealing the decision of the Fund."[10] *See* Tex.Rev.Civ. Stat. Ann. art. 6243e.2(1), § 12(a) (Vernon Supp. 2005). The Fund appears to concede that the firefighters did not provide notice of their intent to seek judicial review of the Board's decision until after the statutorily prescribed 20–day period. However, the Fund notes that, on January 28, 1997, five days after the Board rendered its decision, the firefighters and the Fund entered into a rule 11 agreement,[11] whereby the Fund granted the firefighters the right to pro-

9. Having held the Fund's suit is not barred by the doctrine of governmental immunity, we need not address the Fund's argument that the City has waived governmental immunity from suit and liability. *See* Tex. Loc. Gov't Code Ann. § 51.075 (Vernon 1999) (providing that a municipality "may plead and be impleaded"); City of Houston Charter, art. II, § 1 (act of 1905) (providing that the City "may sue and be sued"). However, we note that in *City of Houston v. Williams*, 183 S.W.3d 409, 413–14 (Tex.App.-Houston [14th Dist.] 2005, no pet.), our sister court held that the City had waived immunity in a suit brought by retired firefighters against the City for improperly deducting overtime amounts from their termination payouts and for failing to provide them with "premium pay." Specifically, the court held that the City waived its immunity from liability by contracting with the firefighters and that section 51.075 of the Texas Local Government Code and the

City Charter "clearly and unambiguously waived the City's immunity from suit." *Id.* at 414.

10. In support of their appellate arguments, the parties refer us to section 17(a) of former article 6243e.2, which was repealed effective November 1, 1997. The current provision governing suits for judicial review may be found at section 12 of article 6243e.2(1). Tex. Rev.Civ. Stat. Ann. art. 6243e.2(1), § 12(a) (Vernon Supp.2005). The current provision has no applicable savings clause and, thus, applies to this suit. *See Firemen's Pension Comm'n v. Jones*, 939 S.W.2d 730, 733 (Tex. App.-Austin 1997, no writ). However, we note that section 17(a) of former article 6243e.2 and the current section 12(a) are substantively similar and do not differ in any manner that is relevant to this dispute.

11. Tex.R. Civ. P. 11.

vide their notices of intent to appeal until April 2, 1997, and that the firefighters provided such notices on March 27, 1997. The Fund asserts that although the 20–day notice period is mandatory, it is not jurisdictional, and that the Fund and the firefighters were entitled to waive or modify the 20–day period. The Fund also asserts that its cross-claim against the City is not a statutory appeal brought under section [12(a) of article 6243e.2(1) ], but rather is an action brought pursuant to the provisions of the DJA. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 37.001–.011 (Vernon 1997 & Supp.2005). The Fund contends that the DJA provides a separate and independent basis of subject matter jurisdiction and that its cross-claim is not subject to the 20–day period prescribed in section 12(a) of article 6243e.2(1).

Section 12(a) of article 6243e.2(1) provides:

A member who is eligible for retirement for length of service or disability or who has a claim for temporary disability, or any of the member's beneficiaries, who is aggrieved by a decision or order of the board, whether on the basis of rejection of a claim or of the amount allowed, may appeal from the decision or order of the board to a district court in the county in which the board is located by giving written notice of the intention to appeal. . . . The notice must be served personally on the chair, secretary, or treasurer of the board not later than the 20th day after the date of the order or decision. . . .

TEX.REV.CIV. STAT. ANN. art. 6243e.2(1), § 12(a).

▓▓▓▓ In regard to the parties' dispute concerning the effectiveness of the rule 11 agreement, nothing in the statute precludes the Fund from modifying the 20–day period prescribed in section 12(a) or allows the City to object to the Fund's agreed modification. The notice period in section 12(a) is designed to benefit the Fund; it does not mandate that an aggrieved party formally notify the City of its intent to appeal a decision by the Board.[12] Since the City was not entitled to receive any formal statutory notice under the Act (separate and apart from the notice the Board was entitled to receive), the Board's decision to modify the 20–day notice period cannot be said to have any detrimental effect upon the City.[13]

In support of its argument that the trial court had no jurisdiction to hear the Fund's claim because of the firefighters' failure to provide notice of their intent to appeal the Board's decision until after the statutorily prescribed 20–day period, the City cites *Carson v. Hudson,* 398 S.W.2d 321 (Tex.App.-Austin 1966, no writ). In *Carson,* which is substantively distinguishable, a firefighter failed to give notice of his intent to appeal within a statutorily prescribed 20–day period, and the district court dismissed the firefighter's appeal, holding that compliance with the 20–day notice provision was mandatory. *Id.* at 323. However, there was no evidence that the 20–day period had been modified by agreement, and the fund in *Carson* was the party asserting that the firefighter's

12. We recognize that the Board includes as members, among others, the mayor or an appointed representative of the mayor and the city treasurer. TEX.REV.CIV. STAT. ANN. art. 6243e.2(1), § 2(b)(1)-(2) (Vernon Supp.2005).

13. We note that noncompliance with a mandatory provision does not necessarily have

jurisdictional consequences. *Albertson's Inc. v. Sinclair,* 984 S.W.2d 958, 961 (Tex.1999). When a statute is silent about the jurisdictional consequences of noncompliance, we look to the statute's purpose in determining the proper consequence. *Id.*

appeal was barred due to the firefighter's failure to provide timely notice of his intent to appeal. *Id.* at 324. Here, it is undisputed that the Fund agreed to an extension of the notice period, and this modification could be considered to constitute an agreement by the Board to hold or to stay its January 23, 1997 decision until 20 days before April 2, 1997, the agreed-upon notice deadline. We conclude that the Fund's agreed extension of the notice period did not deprive the trial court of subject matter jurisdiction and that the City is not entitled to complain about the extension.

■■■ More importantly, however, we agree with the Fund's contention that the notice deadline provided in section 12(a) is not even applicable because the Fund is not pursuing a statutory appeal authorized under that section. Instead, the Fund brought its cross-claim against the City requesting "a declaratory judgment under chapter 37 of the Texas Civil Practice and Remedies Code ... that the City is obligated to pay to the Fund the [statutorily mandated] amount ... [to] any fire fighter who is eligible for prior service credit" and "an injunction ordering the City to pay the Fund [the statutorily mandated] payment in connection with the [22] approved applications involved in this case." *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 37.001–.011. The Fund seeks a declaration of the City's obligation under section 30(b) of former article 6243e.2 of the Act, which provides:

> The city to which the fire fighter has transferred shall pay an amount equal to the amount it would have paid had the fire fighter been employed by that city instead of the city from which he transferred, plus six percent interest, compounded annually.

Former Tex.Rev.Civ. Stat. Ann. art. 6243e.2, § 30(b). The Fund's action, filed in response to the City's refusal to make the statutorily required payments, is brought under the DJA. Accordingly, we hold that the firefighters' failure to provide notice of their intent to appeal the Fund's decision within 20 days from the date of the Fund's decision did not deprive the trial court of subject matter jurisdiction over the Fund's cross-claim.

We overrule the City's first issue.

## Timeliness in Applying for Prior Service Credits

■■■ In its second issue, the City contends that the trial court improperly granted summary judgment in favor of the Fund because the firefighters failed to timely apply for the prior service credits within 60 days of commencement of membership in the Fund. The City relies on section 16 of article 6243e.2(1), which provides that a person who becomes a firefighter and meets other statutory criteria may receive prior service credits if "the firefighter applies for that credit not later than the 60th day after the date on which membership [in the Fund] begins." Tex. Rev.Civ. Stat. Ann. art. 6243e.2(1), § 16(a)(4) (Vernon Supp.2005). The City argues that the firefighters' claims in the trial court were void as a matter of law because each firefighter became a member of the Fund at least four years before filing their applications for prior service credits and that, consequently, the City cannot be liable for contributions for prior service credits. The Fund counters that the 60–day provision cited by the City is contained in section 16 of article 6243e.2(1), which was made effective on November 1, 1997. The Fund contends that section 16 of article 6243e.2(1) does not apply because the firefighters filed their applications, and the Board made decisions on those applications, prior to the

effective date of that section.[14] The Fund argues in favor of application of section 30 of former article 6243e.2, which did not contain a provision requiring the firefighters to apply for the prior service credits within 60 days of commencement of membership in the Fund.

In support of its argument, the City, citing *Williams v. Houston Firemen's Relief & Ret. Fund,* No. 01–98–00681–CV, 1999 WL 82441, at *2 n. 3 (Tex.App.-Houston [1st Dist.] Feb. 11, 1999, no pet.) (not designated for publication), asserts that this Court has previously held that claims for prior service credits are governed by section 16 of article 6243e.2(1). However, contrary to the City's assertion, we merely held in *Williams* that a firefighter's right to appeal the decision of the Board was governed by the current section of the Act relating to appeals. *Id.* We did so because, as previously noted, the current provision of the Act relating to appeals has no savings clause. *Id.* We did not hold that all claims for prior service credits, regardless of the date on which the claims were filed or considered, are governed by section 16 of article 6243e.2(1). In fact, we specifically stated in *Williams* that "[b]ecause the parties assume that former section 30 applies, and because [section 16 and former section 30] differ materially, we will refer to the former section 30 ... without deciding its application." *Id.* at 2 n. 2.

The City also argues that section 16 applies retroactively because there is no savings clause in the newer version of the statute. "A savings clause is a clause providing that [a] former law is continued in effect for certain purposes." *Firemen's Pension Comm'n v. Jones,* 939 S.W.2d 730, 733 (Tex.App.-Austin 1997, no writ). However, a savings clause is only necessary to avoid a retroactive application of a statute if the newly enacted statute repeals a cause of action or revokes a special remedy. *Houston Indep. Sch. Dist. v. Houston Chronicle Pub'g,* 798 S.W.2d 580, 586 (Tex. App.-Houston [1st Dist.] 1990, writ denied); *see also Jones,* 939 S.W.2d at 733 (noting that if cause of action is based on statute, repeal or amendment of statute without savings clause for pending suits is given immediate effect). Here, section 16 neither repealed nor amended a cause of action nor revoked a special remedy. TEX. REV.CIV. STAT. ANN. art. 6243e.2(1), § 16(a)(4). Rather, section 16 simply modified the statutory criteria for eligibility for qualifying for prior service credits. *Id.* Specifically, the provision at issue added by section 16 required a firefighter to apply for such credits not later than the 60th day after beginning membership in the Fund. *Id.*[15] Contrary to the City's argument, the requirements contained in section 16 do not apply to applications for prior service credits filed and decided before the effective date of section 16.

14. Article 6243e.2(1) restated and amended former article 6243e.2. Act of May 21, 1997, 75th Leg., R.S., ch. 1268, § 2, 75 Tex. Gen. Laws 4794, 4810. Article 6243e.2(1), which contains the 60–day provision on which the City is relying, was made effective November 1, 1997. Act of May 21, 1997, 75th Leg., R.S., ch. 1268, § 4, 75 Tex. Gen. Laws 4794, 4811. It is undisputed that the firefighters filed their applications, and the Board made its decisions on those applications, prior to the effective date of section 16 of article 6243e.2(1).

15. We also note that "Texas law militates strongly against the retroactive application of laws" and that doubts against retroactivity are to be "resolved against the retroactive application of a statute." *Houston Indep. Sch. Dist. v. Houston Chronicle Pub'g,* 798 S.W.2d 580, 585 (Tex.App.-Houston [1st Dist.] 1990, writ denied).

██ The City next argues that, even if the 60–day provision contained in current section 16 does not apply, the firefighters' claims for prior service credits are barred because "[i]t is well established ... that Texas obligations granted by statute are subject to bar by a two year statute of limitations." The City cites *Hamilton v. Bd. of Firemen's Relief & Ret. Fund Trustees,* 408 S.W.2d 781 (Tex.Civ.App.-Texarkana 1966, writ ref'd n.r.e.). In *Hamilton,* the court ruled that an appeal from a board's decision to deny a party pension benefits, filed more than two years after the denial, was barred by the statute of limitations. *Id.* at 784. Here, however, the Board approved the applications for prior service credits on January 23, 1997. The City refused to make its statutorily required contributions on April 17, 1997. The Fund filed its cross-claim shortly thereafter, seeking declaratory and injunctive relief in response to the City's refusal to make the required contributions. The two-year statute of limitations cited by the City does not apply to bar the Fund's claim.

The Board construed section 30 of former article 6243e.2 to permit the firefighters to file their applications for prior service credits without reference to when they began employment with the City and commenced membership in the Fund. We conclude that the Board's construction is consistent with the Act and that the City is not entitled to refuse to make its statutorily required contributions on the ground that the firefighters were required to file their applications not later than the 60th day after the date on which their membership in the Fund began. Accordingly, we hold that the trial court did not err in granting the Fund's summary judgment motion and in rejecting the City's contention that the firefighters failed to timely apply for their service credits.

We overrule the City's second issue.

## Conditions Precedent for Award of Prior Service Credits

██ In its third issue, the City argues that the trial court erred in denying its summary judgment motion and in granting the Fund's summary judgment motion because the firefighters failed to meet certain conditions precedent to obtain their prior service credits and because the Fund's decision to award the prior service credits was made in total disregard of these conditions precedent. The City contends that, in granting the firefighters' applications for prior service credits, the Fund, without any authority, waived the conditions precedent. The Fund asserts that no provision in the Act provided the City with any authority to challenge the Fund's decisions in granting the prior service credit applications and that all decisions regarding such credits are vested with the Board. Section 30 of former article 6243e.2 [16] provides:

(a) A fire fighter who transfers from the fire department of one city to that of a city covered by this Act and desires to participate in the fund of that city shall:

(1) be less than 35 years old;

(2) pass a physical examination taken at his expense and performed by a

---

**16.** Again, the parties dispute which version of the Act applies. The City argues that section 16 of article 6243e.2(1), made effective on November 1, 1997, applies, while the Fund argues that the predecessor provision, section 30 of former article 6243e.2 applies. As discussed earlier, we look to the former article, which was the article in effect at the time the applications were filed and the article used by the trial court in considering the City's arguments regarding the Fund's decision to grant the firefighters' prior service credit applications.

physician selected by the board; and

(3) pay in to the fund of that city an amount equal to the total contribution he would have made had he been employed by that city instead of the city from which he transferred, plus six percent interest.

(b) The city to which the fire fighter has transferred shall pay an amount equal to the amount it would have paid had the firefighter been employed by that city instead of the city from which he transferred, plus six percent interest, compounded annually.

Former Tex.Rev.Civ. Stat. Ann. art. 6243e.2, § 30(a), (b).

In support of its argument that the City has no authority to contest Board decisions regarding eligibility for prior service credits, the Fund cites section 2(a)(3) of former article 6243e.2, which provides:

> The board ... shall receive, handle and control, manage, and disburse the fund for the respective city. The board shall have the power and authority to hear and determine all applications for retirement, claims for disability....

Act of May 27, 1975, 64th Leg., R.S., ch. 432, § 2, 64 Tex. Gen. Laws 1135, 1135–36, *amended by* Act of May 28, 1989, 71st Leg., R.S., ch. 1095, § 2(a)(3), 1989 Tex. Gen. Laws 4492, 4492, *repealed by* Act of May 21, 1997, 75th Leg., R.S., ch. 1268, § 3, 75 Tex. Gen. Laws 4794, 4811. The Fund also cites section 2(j) of former article 6243e.2, which provides:

> The board of trustees has, in addition to all other powers and duties arising out of this Act and not otherwise specifically reserved or delegated to others, the duty and power to control and manage the operation and administration of the fund according to the terms and purposes of this Act and all applicable sections of the code and all powers necessary to accomplish these purposes including the power to:
>
> (1) adopt for the administration of the fund written rules and guidelines not inconsistent with this Act;
>
> (2) construe all provisions of this Act, except that each construction must meet any qualification requirements established under section 401 of the Code;
>
> (3) correct any defect, supply any omission, and reconcile any inconsistency that may appear in this Act in a manner and to the extent that the board considers expedient to administer this Act for the greatest benefit of all members; [and]
>
> . . . .
>
> (5) determine all questions relating to eligibility for participation, service, or benefits or relating to the administration of the fund for the purpose of promoting the uniform administration of the fund for the benefit of all members.

Act of May 27, 1975, 64th Leg., R.S., ch. 432, § 2, 64 Tex. Gen. Laws 1135, 1135–37, *amended by* Act of May 28, 1989, 71st Leg., R.S., ch. 1095, § 2(j), 1989 Tex. Gen. Laws 4492, 4493–94 [hereinafter "former Tex.Rev.Civ. Stat. Ann. art. 6243e.2, § 2(j)"], *repealed by* Act of May 21, 1997, 75th Leg., R.S., ch. 1268, § 3, 75 Tex. Gen. Laws 4794, 4811.[17]

 The Fund's jurisdiction is broad, and a court has only limited review of administrative action. *Williams v. Houston Firemen's Relief & Ret. Fund,*

---

17. The current version of the Act contains provisions that are substantively similar to section 2(j) of former article 6243e.2. *See* Tex. Rev.Civ. Stat. Ann. art. 6243e.2(1), § 2(p)(1)-(7) (Vernon Supp.2005).

121 S.W.3d 415, 427 (Tex.App.-Houston [1st Dist.] 2003, no pet.) (noting that statutory provisions for review under Act are mandatory and exclusive and that since Act requires exhaustion of remedies, courts have only limited review of administrative action). The Act clearly provides the Fund with the power to adopt written rules and guidelines, to construe the Act, to correct defects, to supply omissions, to reconcile inconsistencies, and to determine all questions relating to eligibility for participation in and benefits of the Fund. Former TEX.REV.CIV. STAT. ANN. art. 6243e.2, § 2(j); *see Williams,* 121 S.W.3d at 428–29. The Act does not provide the City with any authority to challenge the Fund's decisions concerning eligibility for prior service credits, and the City has not cited any authority supporting its efforts to dispute the Fund's decision to grant the firefighters' applications for the prior service credits. We also note that "under the plain language of the Act, the only section allowing a right of judicial review is section 12(a), which limits the statutory right of appeal of Fund decisions to aggrieved 'members' who are 'eligible for retirement' for length of service or disability or have a claim for temporary disability and any of these members' beneficiaries." *Williams,* 121 S.W.3d at 428. The City has no statutory right to judicially challenge the Fund's decision to grant the firefighters' applications. In fact, section 30(b) of former article 6243e.2 states that a "city to which the firefighter has transferred *shall pay* an amount equal to the amount it would have paid had the firefighter been employed by that city instead of the city from which he transferred...." Former TEX.REV.CIV. STAT. ANN. art. 6243e.2, § 30(b) (emphasis added).

◼ The City argues that it should not have to make its statutorily required contributions because "none of the [22] fire-fighters have paid money into the Fund." The City asserts that because the award of the prior service credits is contingent upon the City paying first, the award is void on its face. The record establishes that, pursuant to its statutory authority, the Board adopted various guidelines for purposes of administering the fund and determining the firefighters' eligibility for prior service credits. One of the guidelines adopted by the Board provides that "the firefighter and the City of Houston must pay into the Houston Firemen's Relief and Retirement Fund amounts outlined in [article 6243e.2, section 30(a)-(b)]." We agree with the trial court's finding that this guideline, which predicates an award of prior service credits upon the City making its statutory contributions, is reasonable, is consistent with the language of section 30 of former article 6243e.2, and is entitled to serious consideration. *See Tarrant Appraisal Dist. v. Moore,* 845 S.W.2d 820, 823 (Tex. 1993) (stating that construction of statute by administrative agency charged with its enforcement is entitled to serious consideration, so long as construction is reasonable and does not contradict plain language of statute). Accordingly, we hold that the City is not excused from making its statutorily required contributions because of the contingency placed on the Fund's approval of the prior service credit applications.

◼ The City's argument that it is excused from its statutorily required contributions because the firefighters did not take a physical examination at their own expense is also misplaced. Section 10(d)(2) of former article 6243e.2 specifically permits the Fund to rely upon the physical exam performed on behalf of the City to determine whether a new member meets its physical requirements, and the Board has an option of requiring an additional exam at its expense. Act of May 27,

1975, 64th Leg., R.S., ch. 432, § 10(d), 64 Tex. Gen. Laws 1135, 1142, *amended by* Act of May 8, 1987, 70th Leg., R.S., ch. 144, § 1, 1987 Tex. Gen. Laws 313, 314, *amended by* Act of May 11, 1993, 73rd Leg., R.S., ch. 265, § 6, 1993 Tex. Gen. Laws 574, 577–78, *repealed by* Act of May 21, 1997, 75th Leg., R.S., ch. 1268, § 3, 75 Tex. Gen. Laws 4794, 4811. Although section 30 of former article 6243e.2 does state that a member shall "pass a physical examination taken at his expense," in this case the Fund has interpreted the physical exam requirement in section 30 of former article 6243e.2 to be satisfied by the performance of the initial exam performed on behalf of the City. As stated earlier, the Act clearly provides the Fund with the authority to construe the statute, correct defects, supply omissions, reconcile inconsistencies, and determine all questions relating to eligibility for participation in and benefits of the Fund. Former Tex.Rev. Civ. Stat. Ann. art. 6243e.2, § 2(j).

■ Finally, the City argues that the conditions precedent must be met contemporaneously with a transfer to the Fund and not 30 years later. The City asserts that because the Act only contemplates the application for and award of prior service credits concurrently with a firefighter's commencement of membership in the Fund, and does not provide for retroactive relief, "the District court cannot read into the statute what is left unexpressed." However, the trial court did not "read" anything into the statute. Rather, the Fund, as it is statutorily authorized to do, has construed the Act, specifically section 30 of former article 6243e.2, so that a firefighter is not required to apply for prior service credits contemporaneously with his transfer to the Fund but instead may apply for them subsequent to his initial employment date. The Board's construction is consistent with the language of section 30 of former article 6243e.2.[18] Accordingly, we hold that the trial court did not err in rejecting the City's contention that the Fund waived conditions precedent to the firefighters' obtaining the service credits and we further hold that the trial court did not err in denying the City's summary judgment motion and in granting the Fund's summary judgment motion on this ground.

We overrule the City's third issue.

### Gift of Public Funds

■ In its fourth issue, the City contends that it may not pay the contributions, as ordered by the trial court, because it would constitute a "gift of public funds." The City alleges that payment of the contributions would constitute a gift because the firefighters did not meet the statutory requirements to receive the prior service credits, and that forcing the City to pay the contributions would violate sections 44, 51, and 53 of Article III of the Texas Constitution. Tex. Const. art. III, §§ 44, 51, 53. The City asserts that sections 44 and 53 prohibit the payment of additional compensation to municipal employees after service has been rendered and that section 51 prohibits the grant of public moneys for unauthorized purposes.

Section 44 of the Texas Constitution provides:

> The Legislature shall provide by law for the compensation of all officers, servants, agents and public contractors, not

18. The Board determined that "applicants who have applied for prior service credit not be rejected only because they did not apply at the time they transferred." We recognize that this determination may no longer be consistent with current section 16, which governs eligibility for prior service credits. Tex.Rev. Civ. Stat. Ann. art. 6243e.2(1), § 16 (Vernon Supp.2005).

provided for in this Constitution, but shall not grant extra compensation to any officer, agent, servant, or public contractors, after such public service shall have been performed or contract entered into, for the performance of the same; nor grant, by appropriation or otherwise, any amount of money out of the Treasury of the State, to any individual, on a claim, real or pretended, when the same shall not have been provided for by pre-existing law; nor employ any one in the name of the State, unless authorized by pre-existing law. TEX. CONST. art. III, § 44. Section 51 of the Texas Constitution provides:

The Legislature shall have no power to make any grant or authorize the making of any grant of public moneys to any individual, association of individuals, municipal or other corporations whatsoever; provided that the provisions of this Section shall not be construed so as to prevent the grant of aid in cases of public calamity.

TEX. CONST. art. III, § 51. Section 53 of the Texas Constitution provides:

The Legislature shall have no power to grant, or to authorize any county or municipal authority to grant, any extra compensation, fee or allowance to a public officer, agent, servant or contractor, after service has been rendered, or a contract has been entered into, and performed in whole or in part; nor pay, nor authorize the payment of, any claim created against any county or municipality of the State, under any agreement or contract, made without authority of law.

TEX. CONST. art. III, § 53.

In *Byrd v. City of Dallas*, 118 Tex. 28, 6 S.W.2d 738, 740–41 (1928), the Texas Supreme Court addressed constitutional challenges to state pension laws similar to those presented in this case. Specifically, the court addressed the argument that certain pension laws were invalid because of the limitations on legislative power found in sections 44, 51, 52, and 53 of article 3 of the Texas Constitution. *Id.* at 740. The court noted that the above-cited sections of the constitution were "intended to prevent the application of public funds to private purposes; in other words, to prevent the gratuitous grant of such funds to any individual, corporation, or purpose whatsoever." *Id.* at 740. In finding that the pension established by statute was part of the compensation package provided to employees for services rendered and that the pension laws constituted a valid exercise of the legislative power, the court stated:

There is no reason why a city may not engage its servants and employees upon any terms of payment acceptable to both parties. The plan authorized by the statute contemplates in legal effect that as compensation the officers and employees named shall receive the salaries agreed upon to be paid periodically and shall be entitled to participate in the fund provided for pensions *according to the statutory plan.* ... When an officer or employee coming within the statute is employed and evidences his assent to the pension scheme, he thereupon has a binding contract with his employer for the stipulated salary and likewise to be "entitled to participate" in the fund *upon the terms prescribed.* The right to participate in such fund is therefore not a gratuity or donation in any sense. It is as much a part of the agreed compensation as is the monthly stipend.

*Id.* at 6 S.W.2d at 740–41 (emphasis added).

Here, the terms of the statutory plan permitted the firefighters to file their application for prior service credits subsequent to their commencement of membership in the Fund. While the City disagrees

with the Fund's decision to grant 22 of the applications for prior service credits, the City has not established that the Fund's decisions, with respect to those applications, were invalid or otherwise illegal. Accordingly, we hold that requiring the City to contribute to the Fund pursuant to its statutory obligation does not violate the Texas Constitution. *See Williams,* 183 S.W.3d at 424 (stating "that requiring the City to pay the fire fighters statutorily-authorized compensation that they have earned for services rendered for the public good does not violate the Texas Constitution").

We overrule the City's fourth issue.

## Laches

 In its fifth issue, the City contends that the firefighters, and therefore the Fund, are estopped from bringing their actions by the doctrine of laches because the firefighters waited up to 30 years to apply for prior service credits, delayed in making the demand to the city for the statutory contributions, and delayed in filing the appeal. The City contends that the firefighters "should be prohibited from pursuing this action that would equitably subject City taxpayers to hundreds of thousands of dollars in unwarranted liability."

We have held that the firefighters applied for prior service credits pursuant to the terms of the statutory plan and that the firefighters timely filed their appeal of the Board's decision in accordance with their rule 11 agreement with the Fund. We have also held that nothing in section 30 of former article 6243e.2 required the firefighters to apply for service credits contemporaneously with or not later than 60 days from the date of their transfer to the City and their commencement of membership in the Fund. The Board's determination that "applicants who have applied

for prior service credit not be rejected only because they did not apply at the time they transferred" is consistent with section 30 of former article 6243e.2. Accordingly, we further hold that the firefighters and the Fund were not estopped from bringing their actions under the doctrine of laches.

We overrule the City's fifth issue.

## Conclusion

We affirm the judgment of the trial court.