June 10, 2010

The Honorable Glenn Hegar
Chair, Sunset Advisory Commission
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0780

Re: Application and constitutionality of section 5.017(b) of the Texas Property Code with respect to restrictive covenants that were in existence and recorded in a county's public records prior to the statute's effective date (RQ-0843-GA)

Dear Senator Hegar:

Section 5.017 of the Texas Property Code prohibits and declares void deed restrictions and other covenants running with the land that require certain transfer fees. TEX. PROP. CODE ANN. § 5.017(b) (Vernon Supp. 2009). You ask first whether, as a matter of statutory construction, section 5.017(b) applies "to restrictive covenants[1] . . . which were recorded and in existence prior to its effective date."[2] If so, you also ask whether "Section 5.017(b) as applied to pre-existing, recorded restrictive covenants . . . violate[s] the prohibition on retroactive laws and laws impairing the obligation of contracts contained in Article I, Section 16 of the Texas Constitution." Request Letter at 3.

While you state your questions separately, a statute's construction and its constitutionality are interrelated issues. When considering a statute challenged under article I, section 16, courts begin with the presumption that the statute is constitutional and, therefore, attempt "to avoid

---

[1]Under the Property Code, a "restrictive covenant" includes "any covenant, condition, or restriction contained in a dedicatory instrument." TEX. PROP. CODE ANN. § 202.001(4) (Vernon 2007). A "dedicatory instrument" is a "governing instrument covering the establishment, maintenance, and operation of a residential subdivision, planned unit development, condominium or townhouse regime, or any similar planned development." *Id.* § 202.001(1).

[2]*See* Request Letter at 3 (*available at* http://www.texasattorneygeneral.gov) (footnote added). Although you ask broadly about section 5.017(b)'s application to restrictive covenants in general, you also ask about the section's application to a specific deed restriction that requires owners of property in the Weston Lakes residential development to acquire and maintain a membership in the Weston Lakes country club. *Id.* at 1–2. However, section 5.017(b)'s application to a specific deed restriction cannot be determined without first construing the deed restriction, a function that is beyond the scope of an attorney general opinion. *See* Tex. Att'y Gen. Op. No. GA-0594 (2008) at 4 n.5 (observing that because "[i]nstruments such as dedications and restrictive covenants are subject to the general rules of contract construction . . . it may not be possible to construe them in an attorney general opinion"). Accordingly, we confine our consideration to your broader question as it is stated above. *See* Tex. Att'y Gen. Op. No. GA-0176 (2004) at 2 (stating that this office generally does not construe the terms of a particular contract but will address applicable general legal principles).

constitutional problems if possible." *Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 169–70 (Tex. 2004) (construing a homeowner association late fee statute in connection with an article I, section 16 challenge). Article I, section 16 prohibits the Legislature from making a "retroactive law, or any law impairing the obligation of contracts." TEX. CONST. art. I, § 16. In general, a statute is unconstitutionally retroactive "if it takes away or impairs vested rights acquired under existing law." *City of Tyler v. Likes*, 962 S.W.2d 489, 502 (Tex. 1997).[3] Also, under article I, section 16, a contractual "obligation is impaired when a statute is enacted that releases a part of [an] obligation or to any extent or degree amounts to a material change or modifies it." *Price Pfister, Inc. v. Moore & Kimmey, Inc.*, 48 S.W.3d 341, 356 (Tex. App.—Houston [14th Dist.] 2001, pet. denied).

Whether a statute operates retrospectively depends on the Legislature's intent. *Deacon v. City of Euless*, 405 S.W.2d 59, 61 (Tex. 1966). However, "[r]etroactive statutes are generally regarded with disfavor." *Hutchings v. Slemons*, 174 S.W.2d 487, 490 (Tex. 1943).[4] "Statutes are only applied retroactively if the statutory language indicates that the Legislature intended that the statute be retroactive." *In re M.C.C.*, 187 S.W.3d 383, 384 (Tex. 2006).[5] The Code Construction Act instructs that "[a] statute is presumed to be prospective in its operation unless *expressly made retrospective*." TEX. GOV'T CODE ANN. § 311.022 (Vernon 2005) (emphasis added). Any doubts about the intended operation of a statute are to be resolved against retroactive application. *Ex parte Abell*, 613 S.W.2d 255, 258 (Tex. 1981); *accord City of Houston*, 196 S.W.3d at 283 n.15.

With these principles in mind, we turn to subsection 5.017(b) of the Property Code, which provides:

> A deed restriction or other covenant running with the land applicable to the conveyance of residential real property that requires a transferee of residential real property or the transferee's heirs, successors, or assigns to pay a declarant or other person imposing the deed restriction or covenant on the property or a third party

---

[3]Determining whether a statute has retroactive effects is but one step in the analysis of a statute's constitutionality under article I, section 16, however. *See Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 219 (Tex. 2002). "A retroactive statute only violates our Constitution if, when applied, it takes away or impairs vested rights acquired under existing law." *Id.* Furthermore, the constitutionality of a retroactive statute may depend on other considerations, such as whether the statute is a valid exercise of the state's police powers. *See, e.g., Barshop v. Medina County Underground Water Conservation Dist.*, 925 S.W.2d 618, 633–35 (Tex. 1996) (stating that "[a] valid exercise of the police power by the Legislature to safeguard the public safety and welfare can prevail over a finding that a law is unconstitutionally retroactive," and that "the contract clause may yield to statutes which are necessary to safeguard the public safety and welfare").

[4]*See also City of Houston v. Houston Firefighters' Relief & Ret. Fund*, 196 S.W.3d 271, 283 n.15 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (noting "that 'Texas law militates strongly against the retroactive application of laws'") (quoting *Houston Indep. Sch. Dist. v. Houston Chronicle Publ'g Co.*, 798 S.W.2d 580, 585 (Tex. App.—Houston [1st Dist.] 1990, writ denied)).

[5]The general presumption that a statute operates prospectively does not apply for a statute that is merely procedural or remedial. *State v. Fid. & Deposit Co. of Md.*, 223 S.W.3d 309, 312 n.2 (Tex. 2007).

designated by a transferor of the property a fee in connection with a future transfer of the property is prohibited. A deed restriction or other covenant running with the land that violates this section or a lien purporting to encumber the land to secure a right under a deed restriction or other covenant running with the land that violates this section is void and unenforceable. For purposes of this section, a conveyance of real property includes a conveyance or other transfer of an interest or estate in residential real property.

TEX. PROP. CODE ANN. § 5.017(b) (Vernon Supp. 2009). Subsection (c) creates exceptions for fees that are payable to certain property owners' associations, section 501(c)(3) entities, and governmental entities. *Id.* § 5.017(c).

Section 5.017(b) broadly prohibits deed restrictions requiring certain transfer fees.[6] The section does not state that it applies to deed restrictions in existence prior to the effective date of the statute, rendering them void. Nor does the section's transition provision indicate that the statute operates retroactively to render existing and recorded restrictive covenants void. The transition clause for section 5.017 states:

> The change in law made by this Act applies only to a transfer of property that occurs or a contract entered into on or after the effective date of this Act. A transfer of property that occurs or a contract entered into before the effective date of this Act is governed by the law in effect immediately before the effective date of this Act, and that law is continued in effect for that purpose.

Act of May 27, 2007, 80th Leg., R.S., ch. 1056, § 2, 2007 Tex. Gen. Laws 3654, 3655. The first sentence of the transition clause states that the statute applies to a property transfer that occurs or a contract entered into after the effective date, but does not address deed restrictions existing and recorded prior to the statute's effective date. *Id.* The second sentence preserves the law in effect for a contract entered into prior to the statute's effective date. A deed restriction or restrictive covenant is a type of contract. *See Tien Tao Ass'n v. Kingsbridge Park Cmty. Ass'n*, 953 S.W.2d 525, 533 (Tex. App.—Houston [1st Dist.] 1997, no pet.) (stating that particular "deed restrictions comprise a contract between the homeowner and the neighborhood association"). Thus, the transition clause appears to preserve the law in effect for a deed restriction established prior to the statute's effective date.[7]

---

[6]While you do not raise them in your request, we are aware that there are additional questions about the proper construction of section 5.017(b). We confine our consideration to the questions as posed by you and, therefore, do not address any such collateral questions. Tex. Att'y Gen. Op. No. GA-0762 (2010) at 4 n.5 (attorney general opinions are limited to the specific questions asked by an authorized requestor). Nothing in this opinion should be interpreted to limit the rights of any party to pursue claims for violations of section 5.017.

[7]The transition clause appears in House Bill 2207 of the 80th Legislature, regular session, which added sections 5.016 and 5.017 to the Property Code. Act of May 27, 2007, 80th Leg., R.S., ch. 1056, § 2, 2007 Tex. Gen. Laws 3654, 3655.

       Neither section 5.017 nor the transition clause reveals legislative intent, express or otherwise, that would overcome the presumption that the statute is intended to operate prospectively. Consequently, we conclude that section 5.017(b) of the Property Code does not apply to restrictive covenants that were in existence and recorded prior to the statute's effective date. Because we conclude that section 5.017(b) operates prospectively only, we do not reach your second question.

# S U M M A R Y

Section 5.017(b) of the Property Code does not apply to restrictive covenants that were in existence and recorded prior to the statute's effective date.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee