Affirmed and Opinion filed August 31, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00333-CV

___________________

 

Multi-County Water Supply Corporation,
Appellant

 

V.

 

City of Hamilton, Texas and Upper Leon River
Municipal Water District, Appellees



 



 

On
Appeal from the 220th District Court

Hamilton County,
Texas



Trial Court Cause No. CV13507

 



 

 

OPINION

            In
the dispositive issue in this contract case, the appellant argues that
governmental immunity does not apply to a suit in which the plaintiff seeks
only a declaration of the parties’ rights and obligations under a contract,
together with an injunction for prospective relief.  Because we conclude that
governmental immunity has not been waived, we affirm the trial court’s judgment
granting the governmental defendants’ pleas to the jurisdiction.

I.  Factual and Procedural Background

            In 1989, Multi-County Water Supply
Corporation (“Multi-County”) entered into a long-term contract to purchase
treated water from the City of Hamilton.  At the inception of the contract, the
City was purchasing “raw” water from the Upper Leon River Municipal Water
District (“the District”), a special-purpose district created by the
legislature.  Multi-County was not a party to that pre-existing contract
between the City and the District.  The City then treated the “raw” water using
its own treatment plant and transported the treated water to Multi-County via
the City’s transmission lines.   

            As relevant to this suit, the contract between
Multi-County and the City provided for the annual modification of water rates as
follows:

Any increase or decrease in rates by the City to Purchaser
shall be based on a demonstrable increase or decrease in the costs of
performance hereunder, and such costs shall be restricted to the cost of water
purchased by the City from Upper Leon Municipal Water District, operation and
maintenance expenses of the City for raw water transmission, treatment, and
treatment plant and transmission of water to point of delivery; . . . depreciation
allowance for all transmissions lines, production facility and distribution
system relating to performance of this contract.  Any increase or decrease in
water cost shall be borne proportionate to usage by Purchaser of total system.

According to Multi-County’s pleadings, the City
ceased operating its water treatment plant in 2006 and transferred its water
transmission line to the District.  Thereafter, the City purchased treated
water from the District, and in 2007, the City increased the rates it charged
Multi-County for treated water.  

            In 2007, Multi-County sued the City and
the District.  Although the action was originally brought as an antitrust suit,
Multi-County amended its pleadings to seek (1) a declaration that the phrase
“the cost of water purchased by the City” in the above-quoted portion of the
contract refers to the cost of raw water, (2) a declaration that the “operation
and maintenance expenses” described in this excerpt are not recoverable by the
City, (3) an injunction to prevent the City from including such “operation
and maintenance expenses” in its calculation of Multi-County’s water rates.  In
addition, Multi-County asked the trial court to enjoin the District from
including in its calculation of the rates it charged the City any of the costs
of acquiring and upgrading the City’s water transmission and distribution
lines.  The City and the District filed pleas to the jurisdiction asserting
governmental immunity, and the trial court sustained the pleas and dismissed
the claims against them.  Multi-County’s motion for new trial was overruled by
operation of law, and this appeal ensued.

II.  Issue Presented

            In the dispositive issue in this case,
Multi-County argues that the trial court erred in granting the pleas to the
jurisdiction because the City and the District are not entitled to governmental
immunity from a suit in which the plaintiff seeks only declaratory judgment and
injunctive relief, but not money damages. 

III.  Standard of Review

            Because jurisdiction is a question of
law, the trial court’s ruling on a plea to the jurisdiction is subject to de
novo review.  Harris County Hosp. Dist. v. Tomball Reg’l. Hosp., 283
S.W.3d 838, 842 (Tex. 2009).  In performing this review, we do not consider the
merits of the plaintiff’s case, but focus instead on the plaintiff’s pleadings
and the evidence pertinent to the jurisdictional inquiry.  County of Cameron
v. Brown, 80 S.W.3d 549, 555 (Tex. 2002).

IV.  Analysis

            It is undisputed that the City and the
District are governmental entities.  Governmental immunity applies to such
entities, and encompasses both immunity from suit and immunity from liability.  Tooke
v. City of Mexia, 197 S.W.3d 325, 332 (Tex. 2006).  Immunity from suit
deprives the trial court of subject-matter jurisdiction and bars an action
against the governmental unit in the absence of express, clear, and unambiguous
consent to suit.  Tex. Gov’t Code Ann. ' 311.034 (Vernon 2005); Tooke,
197 S.W.3d at 332–33.  Multi-County initially argued that governmental
defendants are not immune from suit by a plaintiff seeking declaratory judgment
and injunctive relief if the plaintiff does not request money damages or seek
to impose liability on the governmental defendants.  It generally is true that one
who is interested under a written contract may bring a declaratory-judgment
action to construe the contract, determine its validity, or determine the
parties’ contractual rights and duties.  Tex.
Civ. Prac. & Rem. Code Ann. § 37.004(a) (Vernon 2008).  But the
Uniform Declaratory Judgments Act is not a general
waiver of governmental immunity.  By entering into a contract, a
governmental entity waives immunity from liability but does not waive immunity
from suit.  Tooke, 197 S.W.3d at 332.  The Act
“does not enlarge a trial court’s jurisdiction, and a litigant’s request for
declaratory relief does not alter a suit’s underlying nature.”  City
of El Paso v. Heinrich, 284 S.W.3d 366, 370 (Tex. 2009).  

            The
authorities on which Multi-County relies are distinguishable in that they
concern actions for declaratory judgment construing a statute[1] or actions for
injunctive relief against the unlawful actions of government officials.[2]  Multi-County’s
pleadings contain no request to construe a statute or ordinance.  Cf. Tex. Civ. Prac. & Rem. Code Ann. §
37.006(b) (municipality is a necessary party to a declaratory-judgment action
to construe a statute).  And although Multi-County claims that the respective
conduct of the City and District may violate the terms of one or more
contracts, it does not allege that their conduct is unlawful.  Cf. City of
Elsa v. M.A.L., 226 S.W.3d 390, 392 (Tex. 2007) (per curiam) (“‘[S]uits for
injunctive relief’ may be maintained against governmental entities to remedy
violations of the Texas Constitution.” (quoting City of Beaumont v.
Bouillion, 896 S.W.2d 143, 149 (Tex. 1995))).

            Citing cases
in which it is stated that the government is immune from suits “to establish a
contract’s validity, to enforce performance under a contract, or to impose
contractual liabilities,”[3]
Multi-County also argued that because it is not testing the contract’s
validity, requesting specific performance, or seeking to impose liability on
the City or the District, governmental immunity does not apply.  In treating
these three items as an exhaustive list of the types of contract actions to
which governmental immunity applies, Multi-County assumed that contract actions
against governmental entities are permitted unless specifically barred.  But
the opposite is true: the government is immune from all suits except those to
which it has consented.  Tooke, 197 S.W.3d at 332–33.  In pointing out
that the government is immune to suits “to establish a contract’s validity, to
enforce performance under a contract, or to impose contractual liabilities,”
courts have provided an illustrative list, not an exhaustive list.  It must be
remembered that governmental immunity “also protects a governmental unit from
lawsuits that seek to control the unit’s lawful actions by a final judgment
made by a court of law.”  City of Houston v. Houston Firefighters’ Relief
& Retirement Fund, 196 S.W.3d 271, 277 (Tex. App.—Houston [1st Dist.]
2006, no pet.).

            Multi-County conceded at oral argument that
the City and District are entitled to governmental immunity under City of El
Paso v. Heinrich, but asked that we remand the case to allow Multi-County
to assert the same causes of action against City and District officials, rather
than against the governmental entities themselves.  See Tex. A & M Univ.
Sys. v. Koseoglu, 233 S.W.3d 835, 839–40 (Tex. 2007) (holding that a
plaintiff who loses a plea to the jurisdiction based on immunity is entitled to
remand if the jurisdictional pleading defect can be cured by amendment).  But Multi-County’s
complaint is that the actions of the City and the District violate a contract,
not that the actions of either entity—or of any individual on behalf of either
entity—violate the law.  Thus, amending the pleadings to name City and District
officials as defendants in place of the entities themselves would not change
the nature of the action so as to avoid immunity.  See id. at 840
(explaining that remanding a case “would serve no legitimate purpose” where the
underlying claim is for breach of a contract); W.D. Haden Co. v. Dodgen,
158 Tex. 74, 81–82, 308 S.W.2d 838, 842 (1958) (drawing no distinction between
the individual defendant and the agency defendant in holding that a suit
seeking “enforcement of contract rights” is barred by immunity in the absence
of any “statutory provision governing or limiting the manner of sale”).  The
underlying nature of Multi-County’s contract claim is not altered simply
because it seeks to prevent the governmental entities from continuing the
alleged breach of contract in the future rather than seeking monetary damages
for a breach that may have occurred in the past.  

            In sum, this is a contract action to which
governmental immunity applies.  See, e.g., Dodgen, 158 Tex. at
79, 308 S.W.2d at 840–41 (holding that immunity applies to suit for declaratory
judgment that plaintiff was entitled to continue paying for mudshell at the
price specified in its “contract” with the government); Anderson v. City of
McKinney, 236 S.W.3d 481, 482–83 (Tex. App.—Dallas 2007, no pet.) (explaining
that a governmental entity has immunity from suits seeking “to control
government actions”).  Whether Multi-County challenges the entities’ past or
future contract performance, the remedy is the same: “if a party who contracts
with the State feels aggrieved, it can seek re-dress by asking the Legislature
to waive immunity from suit.”  See Tex. Natural Res. Comm’n v. IT-Davy,
74 S.W.3d 849, 854 (Tex. 2002).




 

V.  Conclusion

            We conclude that the trial court did not
err in granting the governmental entities’ pleas to the jurisdiction.  We therefore
overrule Multi-County’s first issue and sustain the trial court’s judgment.[4]

 

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

Panel consists of Justices
Brown, Sullivan, and Christopher.

 









[1] See, e.g., Tex.
Educ. Agency v. Leeper, 893 S.W.2d 432, 442–46 (Tex. 1994); Anderson v.
City of McKinney, 236 S.W.3d 481, 483–84 (Tex. App.—Dallas 2007, no pet.); City
of Seagoville v. Lytle, 227 S.W.3d 401, 408–09 (Tex. App.—Dallas 2007, no
pet.); Bell v. City of Grand Prairie, 221 S.W.3d 317, 323–25 (Tex.
App.—Dallas 2007, no pet.);; Hawkins v. El Paso First Health Plans, Inc.,
214 S.W.3d 709, 717–18 (Tex. App.—Austin 2007, pet. denied); City of Dallas
v. Martin, 214 S.W.3d 638, 640–41 (Tex. App.—Dallas 2006, pet. granted)
(op. on reh’g); City of Houston v. Houston Firefighters’ Relief &
Retirement Fund, 196 S.W.3d 271, 277 (Tex. App.—Houston [1st Dist.] 2006,
no pet.); City of Irving v. Callaway, 363 S.W.2d 832, 833–34 (Tex. Civ.
App.—Dallas 1962, writ ref’d n.r.e.).





[2] Heinrich, 284
S.W.3d at 368–369; Dewhurst v. Gulf Marine Inst. of Tech., 55 S.W.3d 91,
96–97 (Tex. App.—Corpus Christi 2001, pet. denied).





[3] See e.g., Tex.
Natural Res. Comm’n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002); County
of Galveston v. Tolle, 176 S.W.3d 859, 863 (Tex. App.—Houston [1st Dist.]
2005, pet. denied).





[4] Inasmuch as the trial
court lacks jurisdiction due to immunity, it is unnecessary to address the
second jurisdictional issue, i.e., whether Multi-County lacks standing for its
request that the trial court construe the contract between the City and the
District.