**James Adair CARSON, Appellant,**

**v.**

**Marie HUDSON, Firemen's Pension Commissioner et al., Appellees.**

**No. 11351.**

Court of Civil Appeals of Texas.

Austin.

Jan. 5, 1966.

Mitchell & Gilbert, Phillip W. Gilbert, Austin, for appellant.

Waggoner Carr, Atty. Gen., Hawthorne Phillips, First Asst. Atty. Gen., T. B. Wright, Executive Asst. Atty. Gen., J. C. Davis and I. Raymond Williams, Jr., Asst. Attys. Gen., Austin, for appellee Marie Hudson, Firemen's Pension Commissioner.

S. G. Johndroe, Jr., City Atty., Fort Worth, for appellee Board of Trustees of Firemen's Relief and Retirement Fund of City of Fort Worth.

PHILLIPS, Justice.

This case involves an appeal to the District Court from an award made by appellee Board of Trustees, Firemen's Relief and Retirement Fund of Ft. Worth, Texas, hereinafter called the Board, and affirmed by the State Firemen's Pension Commissioner.

After a hearing, the District Court granted the Board's and the Commissioner's motion for summary judgment.

We affirm this judgment.

Appellant is before this Court on two points of error, briefed together, the first being that of the trial court in granting the summary judgment, the second being that of the trial court that there were no fact issues between the parties as to any material fact and that appellees were entitled to judgment as a matter of law.

We overrule these points.

This record contains allegations of many injuries that the appellant received between 1948 and 1961. Some were injuries received while off the job and other were received while appellant was on the job in his employment as a fireman. It is not necessary for the purposes of this opinion to develop the history of these injuries further.

I.

On June 22, 1961 appellant applied to the Board for disability benefits under Article 6243e, Section 7A, Vernon's Ann. Civ.St., for non-service connected disability.

On August 10, 1961 the Board granted appellant the minimum disability pension under Article 6243e, Sec. 7A which was

$50 per month based on 30% disability for off the job injuries.

Appellant appealed this award to the State Firemen's Pension Commissioner and a hearing was held before the Commissioner on February 9, 1962.

On February 26, 1962, the Commissioner affirmed the action of the Board.

On April 10, 1962, appellant sent the Commissioner his notice of intent to appeal the Commissioner's decision to the District Court in Travis County.

It should be noted here that there is no dispute in that appellant failed to give notice in writing to the Commissioner of his intention to appeal the Commissioner's decision within 20 days required by Section 18, of Article 6243e, V.A.C.S., which is as follows:

> "* * * A final decision or order by such Firemen's Pension Commissioner may be appealed and an appeal therefrom may be taken to the proper Court of Travis County, Texas, having jurisdiction of the subject matter, upon the serving within twenty (20) days after date of such decision or order of a notice in writing of such intention to so appeal upon the adverse party."

■ We hold that compliance with the 20 day provision of the statute is mandatory in order to give the District Court jurisdiction over the case. See Civil Service Commission of the City of Texarkana v. Carter, Tex.Civ.App., 344 S.W.2d 225. Since this provision was not complied with, the trial court was correct in sustaining appellees' motion for summary judgment in this respect.

Appellant states that by letter to the Commissioner dated April 2, 1962 he requested a rehearing to which the Commissioner replied by letter dated April 3, 1962 that she did not hold rehearings after a final order and suggested that appellant's next step would be a proper appeal to the District Court. Consequently, appellant contends that the Commissioner's letter of April 3 was the final order which started the 20 day period prescribed for notice of appeal.

■ We overrule this contention. The statute makes no provision for motions for rehearing and such a provision cannot be supplied by the Rules of Civil Procedure. See Rayburn v. State, 163 Tex. 450, 356 S.W.2d 774.

■ Nor are we impressed with appellant's assertion that since the statute states that the decision "may be appealed" and an appeal therefrom "may be taken" to the proper court renders the 20 day provision directory rather than mandatory. The word "may" used in the above quoted portion of the statute refers in both instances to the fact of whether an appeal is taken. To hold otherwise would be to make the 20 day requirement inserted by the Legislature a useless appendage. This construction is not favored by the law. See Mingus v. Wadley et al, 115 Tex. 551, 285 S.W. 1084.

### II.

On September 6, 1962, while this case was on appeal in the District Court of Travis County, appellant made an application to the Board for pension benefits based on permanent and total disability resulting from on the job injuries under the provisions of Article 6243e, Sec. 7, V.A.C.S.

On November 7, 1962, the Board denied this request.

On February 8, 1963, after his appeal to the Commissioner, the Commissioner affirmed the Board's decision.

On February 25, 1963, appellant notified the Commissioner of his intention to appeal to the court and such an appeal was perfected.

Section 9, of Article 6243e, V.A.C.S., provides, in part, as follows:

"If any fireman * * * shall be or become entitled to receive payments from a Fund under the provisions of more than one section of this Act, such fireman * * * shall be entitled to and shall be required to elect one section under which such payments shall be computed and paid; * * *."

When appellant filed his sworn application on June 22, 1961 under Section 7A, followed through to an administrative decision thereon and received checks thereunder, he made his election thereby forfeiting any right to proceed under Section 7. There is nothing more that the Board could have done under the circumstances. This is the plain import of the above quoted provisions of the act.

The judgment of the trial court is affirmed.

Affirmed.