

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

September 1, 1977

Honorable Hal H. Hood
Firemen's Pension Commissioner
Sam Houston Building
Austin, Texas 78701

Opinion No. H-1048

Re:  Authority of Firemen's
Pension Commissioner to
permit out of time appeals.

Dear Mr. Hood:

You have requested our opinion regarding the authority of the Firemen's Pension Commissioner to grant out-of-time appeals.  You explain that on July 29, 1976, the Board of Trustees of the Firemen's Relief and Retirement Fund of the City of Odessa denied the request of a retired fireman for an increase in his monthly benefits.  On December 31, 1976, you granted the fireman's motion for an out-of-time appeal from the Board's decision.  You now ask whether it was within your authority to do so.

Section 18 of article 6243e, V.T.C.S., provides in pertinent part:

> Any person possessing the qualifications herein required for retirement for length of service or disability or having a claim for temporary disability who deems himself aggrieved by the decision or order of any Board of Trustees, whether because of rejection or the amount allowed, may appeal from the decision or order of such Board of Trustees to the Firemen's Pension Commissioner by giving written notice of intention to appeal, which said notice shall contain a statement of his intention to appeal, together with a brief statement of the grounds and reasons why he feels aggrieved and which said notice aforesaid shall be served personally upon the chairman or secretary-treasurer of said Board of Trustees within twenty (20) days after the date of such order or decision.  After

p. 4315

> service of such notice, the party ap-
> pealing shall file with the Firemen's
> Pension Commissioner a copy of such no-
> tice of intention to appeal, together
> with the affidavit of the party making
> service thereof showing how, when, and
> upon whom said notice was served. . . .
> A final decision or order by such Fire-
> men's Pension Commissioner may be ap-
> pealed and an appeal therefrom may be
> taken to the proper Court of Travis
> County, Texas, having jurisdiction of
> the subject matter, upon the serving
> within twenty (20) days after date of
> such decision or order of a notice in
> writing of such intention to so appeal
> upon the adverse party.

In Carson v. Hudson, 398 S.W.2d 321 (Tex. Civ. App. -- Austin 1966, no writ), the court held that compliance with the 20 day requirement of section 18 authorizing appeals from a final decision of the Firemen's Pension Commissioner

> is mandatory in order to give the Dis-
> trict Court jurisdiction over the case.

Id. at 323.  The language of section 18 with respect to appeals from orders of the Board of Trustees to the Commissioner is substantially the same as the language regarding the later stage of the appeal process.  Since the court held that compliance with the 20 day provision of the latter was mandatory, we believe the court would apply the same principle to the initial appellate procedure.  In our opinion, the Firemen's Pension Commissioner has no jurisdiction to hear an appeal from an order of a Board of Trustees of a Firemen's Relief and Retirement Fund unless the aggrieved fireman has filed his notice of appeal with the Board of Trustees within 20 days after the date of the Board's order, absent a judicial finding that the late filing was "due to fraud and misrepresentations."  Board of Firemen's Relief and Retirement Fund Trustees of Harris County v. Stevens, 372 S.W.2d 572, 574 (Tex. Civ. App. -- Houston 1963, no writ).  In view of our answer to this question, we need not address your two remaining questions.

## S U M M A R Y

The Firemen's Pension Commissioner has no jurisdiction to hear an appeal from an order of a Board of Trustees of a Firemen's Relief

and Retirement Fund unless the aggrieved fireman has filed his notice of appeal with the Board of Trustees within 20 days after the date of the Board's order, absent a judicial finding that the late filing was due to fraud or misrepresentation.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst