# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso. TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

December 21, 1984

Honorable Margaret Moore
Travis County Attorney
P. O. Box 1748
Austin, Texas    78767

Opinion No. JM-259

Re: Meaning of "registrant" for purposes of section 36.10 of the Business and Commerce Code

Dear Ms. Moore:

You inform us that different counties presently apply differing requirements for the assumed name certificates which must be filed for unincorporated businesses and professions. The inconsistent requirements apparently stem from the ambiguity of the term "registrant" in section 36.10(a)(2) of the Texas Business and Commercial Code. Accordingly, you ask whether "registrant" refers to the business or professional entity which will operate under the assumed name or to the partner(s) or other beneficial owner(s) of the entity.

Section 36.10(a) first indicates which unincorporated businesses or professions must file assumed name certificates and then sets forth the information that must appear on the certificates. Subsection 36.10(a) requires that:

> [a]ny person who regularly conducts business or renders professional services <u>other than as a corporation</u> in this state under an assumed name shall file . . . <u>a certificate</u> setting forth:
>
> (1) the assumed name under which such business or professional service is or is to be conducted or rendered;
>
> (2) <u>if the registrant is:</u>
>
>     (A) an individual, his full name and residence address;
>
>     (B) a partnership, (i) the venture or partnership name, (ii) the venture or partnership office address, and (iii) the full name of each joint venturer or general partner and his residence address if he is an individual or its office address if not an individual;

(C) an estate, (i) the name of the estate, (ii) the estate's office address, if any, and (iii) the full name of each representative of the estate and his residence address if he is an individual or its office address if not an individual;

(D) a real estate investment trust, (i) the name of the trust, (ii) the address of the trust, (iii) the full name of each trustee manager and his residence address if he is an individual and its office address if not an individual; or

(E) a company other than a real estate investment trust, or a corporation, (i) the name of the company or corporation, (ii) the state, country, or other juris- diction under the laws of which it was organized, incorporated, or associated, and (iii) its office address. . . . (Emphasis added).

Before construing the portion of subsection 36.10(a) which employs the term "registrant" and which governs the content of the certificate, a preliminary understanding of the scope of "any person" is necessary. This term controls which unincorporated businesses and professions must file assumed name certificates.

Section 36.02 contains the definitions generally applicable in chapter 36 of the code and defines "person" as follows:

In this chapter, unless the context otherwise requires:

. . . .

(4) 'Person' includes an individual, partnership, company, or corporation. . . . (Emphasis added).

Neither corporations nor estates fall within the definition of "any person" as employed in section 36.10(a). Because subsection 36.10(a) quoted above applies to the operation of businesses or professions "other than as a corporation" the context requires that "any person" in subsection 36.10(a) be read to exclude corporations. Corporations operating as such under an assumed name are dealt with in section 36.11 of the code rather than in section 36.10. Similarly, estates are excluded from the definition of "person" upon the rationale that representatives administering an estate can be easily

identified. See Comment of Bar Committee, Bus. & Comm. Code §36.02. The express enumeration of a particular subject in a statute implies the exclusion of all others. Carp v. Texas State Board of Examiners of Optometry, 401 S.W.2d 639, 642 (Tex. Civ. App. - Dallas 1966), aff'd, 412 S.W.2d 307 (Tex. 1967). Thus, neither corporations or estates need file an assumed name certificate when they operate as such under assumed names.

The present confusion arose because the remainder of subsection 36.10(a) contains a reference to these two entities, which have been excluded from the category of unincorporated "persons" who must file an assumed name certificate. The provision includes a corporate "registrant," see §36.10(a)(2)(E), and an estate "registrant." See §36.10(a)(2)(C).

You suggest that the express inclusion of these references to corporations and estates indicates the legislative intent that the term "registrant" refers to each beneficial owner of a business or profession which operates under an assumed name. Because you state that a "registrant" is one who must file a certificate, under your interpretation each beneficial owner would have to file separately. We disagree with your conclusion that a "registrant" is one who must file, but we agree that "registrant" refers to the beneficial owners of the entity or "person" as used in section 36.10(a) which is required to file an assumed name certificate.

You base your interpretation of "registrant" upon two related maxims of statutory construction: first, that a statute be construed so that its various parts are consistent and reasonable, Singleton v. Pennington, 568 S.W.2d 367 (Tex. Civ. App. - Dallas 1977), aff'd, 606 S.W.2d 682 (Tex. 1980), and second, that any construction be avoided which would make a provision a useless appendage. Carson v. Hudson, 398 S.W.2d 321, 323 (Tex. Civ. App. - Austin 1966, no writ). Following these principles, your brief indicates that "[i]f 'registrant' refers to the entity actually using the assumed name rather than to the beneficial owner[s], two portions of section 36.10 become 'useless appendages.'" You refer to subsections 36.10(a)(2)(C) and 36.10(a)(2)(E), which deal with estate "registrants" and corporate "registrants," respectively.

However, an interpretation of "registrant" which requires each of the beneficial owner(s) of an unincorporated entity operating under an assumed name to file a certificate rather than requiring one filing by the entity or "person" would make section 36.10(a) internally inconsistent. The subsection would begin by excluding corporations and estates from filing an assumed name certificate and end by requiring such entities to file a certificate. Corporations would have to file under both sections 36.10 and 36.11. Consequently, we disagree with your construction of the term "registrant" in the context of section 36.10(a).

The ambiguity of the term "registrant" results from equating "any person" in subsection 36.10(a) with "registrant" in the same subsection. As indicated, section 36.10(a) requires any unincorporated "person" or entity (including an individual, partnership, or unincorporated company) who regularly conducts business or renders professional services under an assumed name to file an assumed name certificate. It does not require an unincorporated "registrant" to file a certificate. Although Attorney General Opinion MW-263 (1980) referred to section 36.10(a)(2)(B) as requiring the "registrant" to file an assumed name certificate, the latent ambiguity of the term was not then in issue. Thus, the opinion's reference to "registrant" is not controlling.

The definition of "registrant" prescribed by section 36.02 does provide a source of confusion:

> 'Registrant' means <u>any person that has filed,</u> or on <u>whose</u> behalf <u>there has been filed</u>, an assumed name certificate under the provisions of this chapter or other law. (Emphasis added).

Nevertheless, nowhere does the statute require each "registrant" to file an assumed name certificate. Therefore, we conclude that "registrant" does refer to the various beneficial owners of the unincorporated business or profession operating under an assumed name but does not require each beneficial owner to file an assumed name certificate.

The statute merely requires that each of the "registrants" be included on the assumed name certificate. The context of "registrant" in section 36.10 contains an implicit requirement that each category listed under subsection 36.10(a)(2) must be listed on the certificate if they are part of the entity operating under an assumed name. One entity or "person" for purposes of subsection 36.10(a) operating under an assumed name may be comprised of several "registrants." <u>See, e.g.</u>, <u>Luloc Oil Co. v. Caldwell County</u>, 601 S.W.2d 789, 794 (Tex. Civ. App. - Beaumont 1980, writ ref'd n.r.e.); Attorney General Opinion MW-263 (1980); <u>see also</u> Bus. & Comm. Code §36.15 (indexing system distinguishes between certificate or statement and the individuals filing it).

Because the various "registrants" are <u>part of</u> the entity which must file an assumed name certificate, the provision need not explicitly repeat that each component of the entity, or each "registrant," must be listed in the certificate.

Although only the "person" or entity operating under an assumed name need file an assumed name certificate, all of the beneficial owners falling within the list of various possible "registrants" must provide the information specified in subsection 36.10(a)(2). For example, assume the entity conducting business under an assumed name

is a partnership (named C) with two partners, A and B.  Subsection 36.10(a) requires the filing of <u>one</u> certificate for C which contains all of the beneficial owners listed in subsection 36.10(a)(2) as "registrants."  Thus, A must provide the information required of A in subsection 36.10(a)(2), and B must also provide the information required of B by subsection 36.10(a)(2).

You also ask about the execution and acknowledgement requirements of section 36.10.  Subsection 36.10(b) provides:

> A certificate filed under Subsection (a) of this section shall be executed and acknowledged by each individual whose name is required to be stated therein or by his representative or attorney in fact, and <u>in the case of any person not an individual</u> the name of which is required to be stated therein, <u>the certificate shall be executed and acknowledged under oath on behalf of such person by its representative or attorney in fact or by a joint venturer, general partner, trustee manager, officer, or anyone having comparable authority, as the case may be, of such person.</u>  Any certificate executed and acknowledged by an attorney in fact shall include a statement that such attorney in fact has been duly authorized in writing by his principal to execute and acknowledge the same.  (Emphasis added).

The language in section 36.10(b) is clear.  The section distinguishes "persons" who are individuals from "persons" who are not.  In the partnership example above (of A and B as partners in C), any general partner or person with comparable authority of the registrant partnership may execute the certificate.  It is not necessary for each partner of a registrant partnership to individually execute the certificate.

## S U M M A R Y

The term "any person" rather than the term "registrant" in section 36.10(a) of the Texas Business and Commerce Code controls which unincorporated businesses and professions operating under an assumed name must file an assumed name certificate.  Section 36.10(a) requires each unincorporated entity operating under an assumed name to file one certificate which lists the beneficial owner(s) appearing as "registrants" in subsections 36.10(a)(2)(A)-(E).  The certificate must contain the information about each "registrant" required by subsections 36.10(a)(2)(A)-(E).

> Subsection 36.10(b) does not require each partner of a registrant partnership to individually execute the assumed name certificate.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton