Opinion issued May 5, 2006 


















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-04-00807-CV
__________
 
CITY OF HOUSTON, Appellant
 
V.
 
THE HOUSTON FIREFIGHTERS’ RELIEF AND RETIREMENT FUND,
Appellee
 

 
 
On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 1997-22188
 

 
 
O P I N I O N
          Appellant, the City of Houston (the “City”), challenges the trial court’s
summary judgment rendered in favor of appellee, the Houston Firefighters’ Relief and
Retirement Fund (the “Fund”), affirming the Fund’s decision to award prior service
credits to 22 firefighters pursuant to the Texas Local Fire Fighters Retirement Act



(the “Act”) and ordering the City to pay its statutorily required contributions pursuant
to the Act.


 In five issues, the City contends that the trial court erred in granting
summary judgment because (1) the trial court lacked subject matter jurisdiction over
the case because the firefighters “failed to comply with the 20-day mandatory
jurisdictional requirement for appealing the decision of the Fund,” (2) the firefighters
failed to timely apply for the prior service credits within 60 days of membership in
the Fund, (3) the firefighters failed to meet certain conditions precedent to obtain
prior service credits, (4) the City’s payment of contributions for prior service credits
would constitute an illegal “gift of public funds,” and (5) the firefighters and the Fund
are estopped from bringing their claims by the doctrine of laches. Also, the City, in
a supplemental issue, contends for the first time on appeal that the Fund’s action
against the City “is barred by sovereign immunity.”


 
          We affirm. 
Background
          The Fund is a statutory firefighters’ pension fund created by former article
6243e.2 of the Texas Revised Civil Statutes.


 In 1995 and 1996, approximately 100
City firefighters applied to the Fund for prior service credits toward retirement under
section 30 of former article 6243e.2, which provided that a firefighter may receive or
transfer service credits toward retirement for time previously worked in another fire
department if certain statutory criteria are met. See former Tex. Rev. Civ. Stat.
Ann. art. 6243e.2, § 30(a).  
          On January 23, 1997, after holding hearings in which the firefighters were
permitted to offer proof in support of their applications for prior service credits, the
board of trustees for the Fund (the “Board”) determined that 22 of the approximately
100 firefighters met the eligibility criteria of the pension statutes. The Board
approved the applications of these 22 firefighters, contingent upon the City making
its statutory contributions as required by section 30 of former article 6243e.2. Id. 
The Board denied the remaining applications.


 
          The firefighters then made a demand on the City for the required statutory
contributions. Following the City’s rejection of this demand, all of the approximately
100 firefighters who had applied for prior service credits, including both those whose
applications were approved and those whose were denied, filed suit against the Fund
seeking judicial review of the Board’s decisions.


 The 22 firefighters whose
applications were approved filed suit, in part, to challenge the Fund’s conditioning
of the award of prior service credits upon the City first making its required statutory
contributions. The firefighters also filed suit against the City for its refusal to make
its statutorily required contributions. The Fund subsequently filed a cross-claim
against the City, seeking a declaratory judgment that the City was obligated to make
its statutory contributions to the Fund for the 22 approved applications for prior
service credits and an injunction ordering the City to pay its required contributions
for these firefighters.
          The parties filed cross-motions for summary judgment and/or dismissal. In an
order dated June 9, 2000, the trial court granted the Fund’s summary judgment
motion on its claims against the City, granted the Fund’s motions to dismiss and for
summary judgment as to the firefighters’ claims, denied the firefighters’ cross-motions for summary judgment, and denied the City’s motion for summary
judgment.


 
Governmental Immunity
          At the outset, we note that the City, in a supplemental issue in its reply brief,
for the first time in this case, argues that the trial court lacked subject matter
jurisdiction over the Fund’s action because the firefighters, “by seeking back pay and
interest,” are making claims for money damages. The City notes that “it is established
that a suit which is brought ostensibly for the purpose of declaring rights, but actually
seeks to impose liability on a subdivision of a state, is barred by sovereign
immunity.” See Thayer v. Houston Mun. Employees Pension Sys., 95 S.W.3d 573,
577 (Tex. App.—Houston [1st Dist.] 2002, no pet.). The City appears to concede
that its immunity would have been waived if the Fund had sought to construe a
legislative pronouncement or if it had “a mandatory statutory obligation” to make the
contribution. However, the City asserts that because the firefighters did not meet the
prescribed statutory criteria, there was no such obligation and, thus, no waiver of its
immunity.  
          The Fund argues that the City is not entitled to governmental immunity because
the Fund “neither sought nor received a money judgment,” the City’s obligation to
make the statutory contribution “is ministerial,” “[governmental] immunity does not
protect the [City] from suits for injunctive or declaratory relief,” and the trial court
merely ordered the City to comply with its statutory obligation. Alternatively, the
Fund contends that the City waived its governmental immunity from suit.
          Under the doctrine of governmental immunity, a unit of government may not
be sued without the express consent of the Legislature. Gen. Servs. Comm’n v. Little-Tex Insulation Co., 39 S.W.3d 591, 594 (Tex. 2001). Governmental immunity
generally serves to protect governmental units from lawsuits for money damages. Id.
It also protects a governmental unit from lawsuits that seek to control the unit’s
lawful actions by a final judgment made by a court of law. Tex. Mun. Power Agency
v. Pub. Util. Comm’n, 100 S.W.3d 510, 515 (Tex. App.—Austin 2003, pet. denied). 
In the absence of a waiver of governmental immunity, a court has no subject matter
jurisdiction to entertain a suit against a governmental unit. Tex. Dep’t of Transp. v.
Jones, 8 S.W.3d 636, 638 (Tex. 1999).
          Here, the Fund seeks declaratory relief under the Uniform Declaratory
Judgment Act (“DJA”), which is a “remedial statute designed to settle and to afford
relief from uncertainty and insecurity with respect to rights, status, and other legal
relations” and allows courts to declare relief whether or not further relief is or could
be claimed. Tex. Civ. Prac. & Rem. Code Ann. § 37.002(b) (Vernon 1997). The
DJA provides that “[a] person . . . whose rights, status, or other legal relations are
affected by a statute . . . may have determined any question of construction or validity
arising under the . . . statute . . . and obtain a legal declaration of rights, status, or
other legal relations thereunder.” Id. § 37.004(a).   
          The Texas Supreme Court has noted that certain declaratory judgment actions
do not implicate the doctrines of sovereign or governmental immunity. See, e.g., Tex.
Educ. Agency v. Leeper, 893 S.W.2d 432, 446 (Tex. 1994); Tex. Highway Comm’n
v. Tex. Ass’n of Steel Imps., Inc., 372 S.W.2d 525, 530 (Tex. 1963); and Cobb v.
Harrington, 190 S.W.2d 709, 712 (Tex. 1945). Accordingly, Texas courts
“distinguish suits to determine a party’s right against the State from suits seeking
damages” and “[a] party can maintain a suit to determine its rights without legislative
permission.” Fed. Sign v. Tex. S. Univ., 951 S.W.2d 401, 404 (Tex. 1997). However,
a plaintiff cannot circumvent the doctrine of governmental immunity simply by
characterizing a suit for money damages, such as a contract dispute, as a declaratory
judgment action. See Tex. Natural Res. Conservation Comm’n v. IT-Davy, 74 S.W.3d
849, 856 (Tex. 2002); City of San Benito v. Ebarb, 88 S.W.3d 711, 721 (Tex.
App.—Corpus Christi 2002, pet. denied). 
          In determining the nature of the Fund’s suit and the relief granted, we consider
the petition, the summary judgment motion, and the final judgment. In its petition,
the Fund sought 
          (1)     a declaratory judgment under chapter 37 of the Texas Civil
Practice and Remedies Code that the City is obligated to
pay to the Fund the amount set forth in Section 30(b) of the
Act for any firefighter who is eligible for prior service
credit under Section 30 of the Act;
 
          (2)     an injunction ordering the City to pay the Fund the
payment required under Section 30 of the Statute in
connection with the twenty-two approved applications
involved in this case; and
 
          (3)     its attorneys’ fees incurred in connection with this cross-claim under Section 37.009 of the Texas Civil Practice and
Remedies Code. 
 
          In its summary judgment motion, the Fund sought summary judgment on the
ground that “because the Board approved the twenty-two firefighters applications for
prior service credit pursuant to its statutory adjudicative authority, the City is required
to provide the funding mandated by subsection 30(b) of [former] Article 6243e.2.” 
The Fund further sought summary judgment on the ground that “the City has no right
to review the Fund’s decisions regarding benefits determinations and has no
discretion to refuse its statutorily required payments following the Fund’s approval
of prior service credits.” Conversely, the City asserted that “[t]he only role the City
would have ever assumed in this action is that the City would have contributed a
certain percentage to the Fund in the event [that] the firefighters had properly and
timely applied for the previous service credit” and that “[b]ecause none of the
firefighters had properly and timely applied for previous service credit, any offer of
payment rests solely with the Fund.”  
          The trial court granted the Fund’s summary judgment motion and, on June 9,
2000, entered an order and final judgment, later modified by a judgment nunc pro
tunc, stating, in pertinent part:
          The undisputed appellate record provides the following
background. The plaintiff/appellant firefighters applied for prior service
credit in the Fund under Tex. Rev. Civ. Stat. art. 6243e.2, § 30, which
provides that a firefighter may receive, or transfer, service credit toward
retirement for time worked previously in another fire department
provided that certain statutory criteria are met. After holding hearings
in which the firefighters were permitted to offer proof in support of their
claims, the Board approved the applications of 22 of the
plaintiff/appellant firefighters . . . . The Defendant City of Houston
refused to make its statutorily required contributions. . . .
 
          [T]he Court finds that the Fund is administered solely by the
Board, and in accordance with art. 6243e.2, § 2(j), the Board has the
exclusive power to hear and determine all applications for retirement
benefits, including applications for prior service credit, under Section
30. . . .
 
. . . .
 
          [F]urthermore, because the City has failed to make its statutorily
required contribution, the Board’s condition of prior service credit upon
receipt of the City’s required contribution is in all things AFFIRMED,
and, it is furthermore, 
 
ORDERED, ADJUDGED and DECREED that . . . the Fund’s Cross-Action against the City of Houston is in all things GRANTED, and the
City of Houston is accordingly ORDERED to pay into the Fund, in
accordance with article 6243e.2, § 30(b), an amount equal to the amount
it would have paid had each of the following plaintiff/appellant [22]
firemen


 been employed by the City of Houston instead of the city from
which the named plaintiff/appellant fireman transferred plus six percent
(6%) interest, compounded annually.
          As noted by the trial court, the underlying facts are largely undisputed; the
issue presented to the trial court concerned the proper construction and application
of the Act. In resolving the dispute between the Fund and the City, the trial court was
required to review and construe the relevant provisions of the Act and then make a
declaration concerning the Fund’s and the City’s rights and legal relations under that
Act. Although the trial court’s judgment contains reference to the City’s statutory
obligation to make contributions to the Fund, such reference is necessitated by the
subject matter of the Act and the rights being declared; the trial court’s judgment
simply tracked the language of the relevant sections of the Act. Because the Fund
brought a declaratory judgment action seeking to determine the proper construction
of the Act and to obtain a declaration of the parties’ rights, status, and other legal
relations under the Act and because the trial court made a declaration concerning such
rights, we hold that the trial court did not render a “money judgment” that would
implicate the doctrine of governmental immunity. See Houston Mun. Employer
Pension Sys. v. Ferrell, 177 S.W.3d 502, 511 (Tex. App.—Houston [1st Dist.] 2005,
pet. filed); see also City of Waco v. Bittle, 167 S.W.3d 20, 26–27 (Tex. App.—Waco
2005, pet. denied) (finding action seeking declaratory judgment that City failed to
comply with duty to pay compensation and benefits and writ of mandamus
compelling City to comply with such duty was not barred by governmental
immunity).
          The issue presented here is similar to the issue presented in City of Houston v.
Williams, 183 S.W.3d 409 (Tex. App.—Houston [14th Dist.] 2005, no pet.). In that
case, retired firefighters brought suit against the City for improperly deducting
overtime amounts from their termination payouts and for failing to provide them with
“premium pay.” Id. at 415. The City asserted that the trial court lacked jurisdiction
because the firefighters were seeking money damages. Id. Our sister court rejected
this argument because the trial court reserved any determination of money damages
and because “the firefighters asked the trial court to, and the trial court did, construe
the relevant statutory provisions before declaring that the City’s methods of
calculating the firefighters’ pay did not comply.” Id. at 416. 
          Contrary to the City’s assertions, this case is distinguishable from IT-Davy, in
which the plaintiff sought a declaration from the trial court that it had “performed
additional work and incurred additional expenses beyond the [scope of the contract]
and thus, the [State] owed [it] more money.” 74 S.W.3d at 859. In IT-Davy, the
Texas Supreme Court held that the plaintiff was “seeking a declaratory judgment only
in an attempt to have the trial court decide its breach-of-contract claim.” Id. at 860.
This case is also distinguishable from Ebarb, 88 S.W.3d 711. The city employees in
Ebarb sought “declaratory relief” that they were entitled to be compensated in
accordance with a city ordinance, in spite of a conflicting, newly-enacted ordinance,
and that they were entitled to the “lieutenant” salary classification. Id. at 722. The
court noted that the employees neither challenged the validity of the ordinances nor
raised any question regarding the construction of the ordinances, but instead the
employees sought only a declaration that they were entitled to compensation had the
city not reduced the salary classifications under the newly enacted ordinance and that
they were entitled to a different salary classification. Id. Moreover, the plaintiffs did
not assert that the newly enacted ordinance was invalid or “that the City acted outside
its authority.” Id. Thus, a mere declaration of the plaintiffs’ rights under the original
ordinance would not have resolved their claims that they were entitled to a certain
amount of compensation “in spite of the City’s promulgation of [the newly enacted]
ordinance.” Id.
          Here, as noted above, the trial court was required to review and construe the
relevant provisions of the Act and then make a declaration concerning the Fund’s and
the City’s rights and legal relations under that Act. Because the Fund has brought 
a declaratory judgment action to determine the proper construction of the applicable
provisions of former article 6243e.2 and to obtain a declaration of its rights, status,
and legal relations under the Act, we hold that its action does not implicate the
doctrine of governmental immunity.
          We overrule the City’s supplemental issue.


 
Notice of Intent to Seek Judicial Review
         In its first issue, the City argues that the trial court lacked subject matter
jurisdiction over the Fund’s cross-claim because the firefighters “failed to comply
with the 20-day mandatory jurisdictional requirement for appealing the decision of
the Fund.”


 See Tex. Rev. Civ. Stat. Ann. art. 6243e.2(1), § 12(a) (Vernon Supp.
2005). The Fund appears to concede that the firefighters did not provide notice of
their intent to seek judicial review of the Board’s decision until after the statutorily
prescribed 20-day period. However, the Fund notes that, on January 28, 1997, five
days after the Board rendered its decision, the firefighters and the Fund entered into
a rule 11 agreement,


 whereby the Fund granted the firefighters the right to provide
their notices of intent to appeal until April 2, 1997, and that the firefighters provided
such notices on March 27, 1997. The Fund asserts that although the 20-day notice
period is mandatory, it is not jurisdictional, and that the Fund and the firefighters
were entitled to waive or modify the 20-day period. The Fund also asserts that its
cross-claim against the City is not a statutory appeal brought under section [12(a) of
article 6243e.2(1)], but rather is an action brought pursuant to the provisions of the
DJA. See Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001–.011 (Vernon 1997 &
Supp. 2005). The Fund contends that the DJA provides a separate and independent
basis of subject matter jurisdiction and that its cross-claim is not subject to the 20-day
period prescribed in section 12(a) of article 6243e.2(1). 
          Section 12(a) of article 6243e.2(1) provides:
A member who is eligible for retirement for length of service or
disability or who has a claim for temporary disability, or any of the
member’s beneficiaries, who is aggrieved by a decision or order of the
board, whether on the basis of rejection of a claim or of the amount
allowed, may appeal from the decision or order of the board to a district
court in the county in which the board is located by giving written
notice of the intention to appeal. . . . The notice must be served
personally on the chair, secretary, or treasurer of the board not later
than the 20th day after the date of the order or decision. . . .
 
Tex. Rev. Civ. Stat. Ann. art. 6243e.2(1), § 12(a).
          In regard to the parties’ dispute concerning the effectiveness of the rule 11
agreement, nothing in the statute precludes the Fund from modifying the 20-day
period prescribed in section 12(a) or allows the City to object to the Fund’s agreed 
modification. The notice period in section 12(a) is designed to benefit the Fund; it
does not mandate that an aggrieved party formally notify the City of its intent to
appeal a decision by the Board.


 Since the City was not entitled to receive any
formal statutory notice under the Act (separate and apart from the notice the Board
was entitled to receive), the Board’s decision to modify the 20-day notice period
cannot be said to have any detrimental effect upon the City.


 
          In support of its argument that the trial court had no jurisdiction to hear the
Fund’s claim because of the firefighters’ failure to provide notice of their intent to
appeal the Board’s decision until after the statutorily prescribed 20-day period, the
City cites Carson v. Hudson, 398 S.W.2d 321 (Tex. App.—Austin 1966, no writ). In
Carson, which is substantively distinguishable, a firefighter failed to give notice of
his intent to appeal within a statutorily prescribed 20-day period, and the district court
dismissed the firefighter’s appeal, holding that compliance with the 20-day notice
provision was mandatory. Id. at 323. However, there was no evidence that the 20-day period had been modified by agreement, and the fund in Carson was the party
asserting that the firefighter’s appeal was barred due to the firefighter’s failure to
provide timely notice of his intent to appeal. Id. at 324. Here, it is undisputed that
the Fund agreed to an extension of the notice period, and this modification could be
considered to constitute an agreement by the Board to hold or to stay its January 23,
1997 decision until 20 days before April 2, 1997, the agreed-upon notice deadline. 
We conclude that the Fund’s agreed extension of the notice period did not deprive the
trial court of subject matter jurisdiction and that the City is not entitled to complain
about the extension.
          More importantly, however, we agree with the Fund’s contention that the
notice deadline provided in section 12(a) is not even applicable because the Fund is
not pursuing a statutory appeal authorized under that section. Instead, the Fund
brought its cross-claim against the City requesting “a declaratory judgment under
chapter 37 of the Texas Civil Practice and Remedies Code . . . that the City is
obligated to pay to the Fund the [statutorily mandated] amount . . . [to] any fire fighter
who is eligible for prior service credit” and “an injunction ordering the City to pay
the Fund [the statutorily mandated] payment in connection with the [22] approved
applications involved in this case.” See Tex. Civ. Prac. & Rem. Code Ann. §§
37.001–.011. The Fund seeks a declaration of the City’s obligation under section
30(b) of former article 6243e.2 of the Act, which provides: 
The city to which the fire fighter has transferred shall pay an amount
equal to the amount it would have paid had the fire fighter been
employed by that city instead of the city from which he transferred, plus
six percent interest, compounded annually.
 
Former Tex. Rev. Civ. Stat. Ann. art. 6243e.2, § 30(b). The Fund’s action, filed in
response to the City’s refusal to make the statutorily required payments, is brought
under the DJA. Accordingly, we hold that the firefighters’ failure to provide notice
of their intent to appeal the Fund’s decision within 20 days from the date of the
Fund’s decision did not deprive the trial court of subject matter jurisdiction over the
Fund’s cross-claim. 
          We overrule the City’s first issue.
Timeliness in Applying for Prior Service Credits
          In its second issue, the City contends that the trial court improperly granted
summary judgment in favor of the Fund because the firefighters failed to timely apply
for the prior service credits within 60 days of commencement of membership in the
Fund. The City relies on section 16 of article 6243e.2(1), which provides that a
person who becomes a firefighter and meets other statutory criteria may receive prior
service credits if “the firefighter applies for that credit not later than the 60th day after
the date on which membership [in the Fund] begins.” Tex. Rev. Civ. Stat. Ann. art.
6243e.2(1), § 16(a)(4) (Vernon Supp. 2005). The City argues that the firefighters’
claims in the trial court were void as a matter of law because each firefighter became
a member of the Fund at least four years before filing their applications for prior
service credits and that, consequently, the City cannot be liable for contributions for
prior service credits. The Fund counters that the 60-day provision cited by the City
is contained in section 16 of article 6243e.2(1), which was made effective on
November 1, 1997. The Fund contends that section 16 of article 6243e.2(1) does not
apply because the firefighters filed their applications, and the Board made decisions
on those applications, prior to the effective date of that section.


 The Fund argues
in favor of application of section 30 of former article 6243e.2, which did not contain
a provision requiring the firefighters to apply for the prior service credits within 60
days of commencement of membership in the Fund. 
          In support of its argument, the City, citing Williams v. Houston Firemen’s
Relief & Ret. Fund, No. 01-98-00681-CV, 1999 WL 82441, at *2 n.3 (Tex.
App.—Houston [1st Dist.] Feb. 11, 1999, no pet.) (not designated for publication),
asserts that this Court has previously held that claims for prior service credits are
governed by section 16 of article 6243e.2(1). However, contrary to the City’s
assertion, we merely held in Williams that a firefighter’s right to appeal the decision
of the Board was governed by the current section of the Act relating to appeals. Id. 
We did so because, as previously noted, the current provision of the Act relating to
appeals has no savings clause. Id. We did not hold that all claims for prior service
credits, regardless of the date on which the claims were filed or considered, are
governed by section 16 of article 6243e.2(1). In fact, we specifically stated in
Williams that “[b]ecause the parties assume that former section 30 applies, and
because [section 16 and former section 30] differ materially, we will refer to the
former section 30 . . . without deciding its application.” Id. at 2 n.2.
          The City also argues that section 16 applies retroactively because there is no
savings clause in the newer version of the statute. “A savings clause is a clause
providing that [a] former law is continued in effect for certain purposes.” Firemen’s
Pension Comm’n v. Jones, 939 S.W.2d 730, 733 (Tex. App.—Austin 1997, no writ). 
However, a savings clause is only necessary to avoid a retroactive application of a
statute if the newly enacted statute repeals a cause of action or revokes a special
remedy. Houston Indep. Sch. Dist. v. Houston Chronicle Pub’g, 798 S.W.2d 580, 586
(Tex. App.—Houston [1st Dist.] 1990, writ denied); see also Jones, 939 S.W.2d at
733 (noting that if cause of action is based on statute, repeal or amendment of statute
without savings clause for pending suits is given immediate effect). Here, section 16
neither repealed nor amended a cause of action nor revoked a special remedy. Tex.
Rev. Civ. Stat. Ann. art. 6243e.2(1), § 16(a)(4). Rather, section 16 simply modified
the statutory criteria for eligibility for qualifying for prior service credits. Id. 
Specifically, the provision at issue added by section 16 required a firefighter to apply
for such credits not later than the 60th day after beginning membership in the Fund. 
Id.


 Contrary to the City’s argument, the requirements contained in section 16 do not
apply to applications for prior service credits filed and decided before the effective
date of section 16.
          The City next argues that, even if the 60-day provision contained in current
section 16 does not apply, the firefighters’ claims for prior service credits are barred
because “[i]t is well established . . . that Texas obligations granted by statute are
subject to bar by a two year statute of limitations.” The City cites Hamilton v. Bd. of
Firemen’s Relief & Ret. Fund Trustees, 408 S.W.2d 781 (Tex. Civ. App.—Texarkana
1966, writ ref’d n.r.e.). In Hamilton, the court ruled that an appeal from a board’s
decision to deny a party pension benefits, filed more than two years after the denial,
was barred by the statute of limitations. Id. at 784. Here, however, the Board
approved the applications for prior service credits on January 23, 1997. The City
refused to make its statutorily required contributions on April 17, 1997. The Fund
filed its cross-claim shortly thereafter, seeking declaratory and injunctive relief in
response to the City’s refusal to make the required contributions. The two-year
statute of limitations cited by the City does not apply to bar the Fund’s claim.
          The Board construed section 30 of former article 6243e.2 to permit the
firefighters to file their applications for prior service credits without reference to
when they began employment with the City and commenced membership in the Fund. 
We conclude that the Board’s construction is consistent with the Act and that the City
is not entitled to refuse to make its statutorily required contributions on the ground
that the firefighters were required to file their applications not later than the 60th day
after the date on which their membership in the Fund began. Accordingly, we hold
that the trial court did not err in granting the Fund’s summary judgment motion and
in rejecting the City’s contention that the firefighters failed to timely apply for their
service credits.
          We overrule the City’s second issue.
 
Conditions Precedent for Award of Prior Service Credits
          In its third issue, the City argues that the trial court erred in denying its
summary judgment motion and in granting the Fund’s summary judgment motion
because the firefighters failed to meet certain conditions precedent to obtain their
prior service credits and because the Fund’s decision to award the prior service
credits was made in total disregard of these conditions precedent. The City contends
that, in granting the firefighters’ applications for prior service credits, the Fund,
without any authority, waived the conditions precedent. The Fund asserts that no
provision in the Act provided the City with any authority to challenge the Fund’s
decisions in granting the prior service credit applications and that all decisions
regarding such credits are vested with the Board. Section 30 of former article
6243e.2


 provides:
          (a)     A fire fighter who transfers from the fire department of one
city to that of a city covered by this Act and desires to
participate in the fund of that city shall:
 
                    (1)     be less than 35 years old;
 
                    (2)     pass a physical examination taken at his
expense and performed by a physician
selected by the board; and
 
                    (3)     pay in to the fund of that city an amount equal
to the total contribution he would have made
had he been employed by that city instead of
the city from which he transferred, plus six
percent interest.
           (b)     The city to which the fire fighter has transferred shall pay
an amount equal to the amount it would have paid had the
firefighter been employed by that city instead of the city
from which he transferred, plus six percent interest,
compounded annually.

Former Tex. Rev. Civ. Stat. Ann. art. 6243e.2, § 30(a), (b).
          In support of its argument that the City has no authority to contest Board
decisions regarding eligibility for prior service credits, the Fund cites section 2(a)(3)
of former article 6243e.2, which provides:
The board . . . shall receive, handle and control, manage, and disburse
the fund for the respective city. The board shall have the power and
authority to hear and determine all applications for retirement, claims for
disability . . . . 
 
Act of May 27, 1975, 64th Leg., R.S., ch. 432, § 2, 64 Tex. Gen. Laws 1135,
1135–36, amended by Act of May 28, 1989, 71st Leg., R.S., ch. 1095, § 2(a)(3), 1989
Tex. Gen. Laws 4492, 4492, repealed by Act of May 21, 1997, 75th Leg., R.S., ch.
1268, § 3, 75 Tex. Gen. Laws 4794, 4811. The Fund also cites section 2(j) of former
article 6243e.2, which provides:
The board of trustees has, in addition to all other powers and duties
arising out of this Act and not otherwise specifically reserved or
delegated to others, the duty and power to control and manage the
operation and administration of the fund according to the terms and
purposes of this Act and all applicable sections of the code and all
powers necessary to accomplish these purposes including the power to:
 
          (1)     adopt for the administration of the fund written rules
and guidelines not inconsistent with this Act;
 
          (2)     construe all provisions of this Act, except that each
construction must meet any qualification
requirements established under section 401 of the
Code;
 
          (3)     correct any defect, supply any omission, and
reconcile any inconsistency that may appear in this
Act in a manner and to the extent that the board
considers expedient to administer this Act for the
greatest benefit of all members; [and]
 
          . . . .
 
          (5)     determine all questions relating to eligibility for
participation, service, or benefits or relating to the
administration of the fund for the purpose of
promoting the uniform administration of the fund for
the benefit of all members.
Act of May 27, 1975, 64th Leg., R.S., ch. 432, § 2, 64 Tex. Gen. Laws 1135, 1135–37,
amended by Act of May 28, 1989, 71st Leg., R.S., ch. 1095, § 2(j), 1989 Tex. Gen.
Laws 4492, 4493–94 [hereinafter “former Tex. Rev. Civ. Stat. Ann. art. 6243e.2, §
2(j)”], repealed by Act of May 21, 1997, 75th Leg., R.S., ch. 1268, § 3, 75 Tex. Gen.
Laws 4794, 4811.


 
          The Fund’s jurisdiction is broad, and a court has only limited review of
administrative action. Williams v. Houston Firemen’s Relief & Ret. Fund, 121 S.W.3d
415, 427 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (noting that statutory
provisions for review under Act are mandatory and exclusive and that since Act
requires exhaustion of remedies, courts have only limited review of administrative
action). The Act clearly provides the Fund with the power to adopt written rules and
guidelines, to construe the Act, to correct defects, to supply omissions, to reconcile
inconsistencies, and to determine all questions relating to eligibility for participation
in and benefits of the Fund. Former Tex. Rev. Civ. Stat. Ann. art. 6243e.2, § 2(j);
see Williams, 121 S.W.3d at 428–29. The Act does not provide the City with any
authority to challenge the Fund’s decisions concerning eligibility for prior service
credits, and the City has not cited any authority supporting its efforts to dispute the
Fund’s decision to grant the firefighters’ applications for the prior service credits. We
also note that “under the plain language of the Act, the only section allowing a right
of judicial review is section 12(a), which limits the statutory right of appeal of Fund
decisions to aggrieved ‘members’ who are ‘eligible for retirement’ for length of
service or disability or have a claim for temporary disability and any of these
members’ beneficiaries.” Williams, 121 S.W.3d at 428. The City has no statutory
right to judicially challenge the Fund’s decision to grant the firefighters’ applications. 
In fact, section 30(b) of former article 6243e.2 states that a “city to which the
firefighter has transferred shall pay an amount equal to the amount it would have paid
had the firefighter been employed by that city instead of the city from which he
transferred . . . .” Former Tex. Rev. Civ. Stat. Ann. art. 6243e.2, § 30(b) (emphasis
added).
          The City argues that it should not have to make its statutorily required
contributions because “none of the [22] firefighters have paid money into the Fund.” 
The City asserts that because the award of the prior service credits is contingent upon
the City paying first, the award is void on its face. The record establishes that,
pursuant to its statutory authority, the Board adopted various guidelines for purposes
of administering the fund and determining the firefighters’ eligibility for prior service
credits. One of the guidelines adopted by the Board provides that “the firefighter and
the City of Houston must pay into the Houston Firemen’s Relief and Retirement Fund
amounts outlined in [article 6243e.2, section 30(a)-(b)].” We agree with the trial
court’s finding that this guideline, which predicates an award of prior service credits
upon the City making its statutory contributions, is reasonable, is consistent with the
language of section 30 of former article 6243e.2, and is entitled to serious
consideration. See Tarrant Appraisal Dist. v. Moore, 845 S.W.2d 820, 823 (Tex.
1993) (stating that construction of statute by administrative agency charged with its
enforcement is entitled to serious consideration, so long as construction is reasonable
and does not contradict plain language of statute). Accordingly, we hold that the City
is not excused from making its statutorily required contributions because of the
contingency placed on the Fund’s approval of the prior service credit applications. 
          The City’s argument that it is excused from its statutorily required contributions
because the firefighters did not take a physical examination at their own expense is
also misplaced. Section 10(d)(2) of former article 6243e.2 specifically permits the
Fund to rely upon the physical exam performed on behalf of the City to determine
whether a new member meets its physical requirements, and the Board has an option
of requiring an additional exam at its expense. Act of May 27, 1975, 64th Leg., R.S.,
ch. 432, § 10(d), 64 Tex. Gen. Laws 1135, 1142, amended by Act of May 8, 1987,
70th Leg., R.S., ch. 144, § 1, 1987 Tex. Gen. Laws 313, 314, amended by Act of May
11, 1993, 73rd Leg., R.S., ch. 265, § 6, 1993 Tex. Gen. Laws 574, 577–78, repealed
by Act of May 21, 1997, 75th Leg., R.S., ch. 1268, § 3, 75 Tex. Gen. Laws 4794,
4811. Although section 30 of former article 6243e.2 does state that a member shall
“pass a physical examination taken at his expense,” in this case the Fund has
interpreted the physical exam requirement in section 30 of former article 6243e.2 to
be satisfied by the performance of the initial exam performed on behalf of the City. 
As stated earlier, the Act clearly provides the Fund with the authority to construe the
statute, correct defects, supply omissions, reconcile inconsistencies, and determine all
questions relating to eligibility for participation in and benefits of the Fund. Former
Tex. Rev. Civ. Stat. Ann. art. 6243e.2, § 2(j).
          Finally, the City argues that the conditions precedent must be met
contemporaneously with a transfer to the Fund and not 30 years later. The City asserts
that because the Act only contemplates the application for and award of prior service
credits concurrently with a firefighter’s commencement of membership in the Fund,
and does not provide for retroactive relief, “the District court cannot read into the
statute what is left unexpressed.” However, the trial court did not “read” anything into
the statute. Rather, the Fund, as it is statutorily authorized to do, has construed the
Act, specifically section 30 of former article 6243e.2, so that a firefighter is not
required to apply for prior service credits contemporaneously with his transfer to the
Fund but instead may apply for them subsequent to his initial employment date. The
Board’s construction is consistent with the language of section 30 of former article
6243e.2.


 Accordingly, we hold that the trial court did not err in rejecting the City’s
contention that the Fund waived conditions precedent to the firefighters’ obtaining the
service credits and we further hold that the trial court did not err in denying the City’s
summary judgment motion and in granting the Fund’s summary judgment motion on
this ground.
          We overrule the City’s third issue.
Gift of Public Funds
          In its fourth issue, the City contends that it may not pay the contributions, as
ordered by the trial court, because it would constitute a “gift of public funds.” The
City alleges that payment of the contributions would constitute a gift because the
firefighters did not meet the statutory requirements to receive the prior service credits, 
and that forcing the City to pay the contributions would violate sections 44, 51, and
53 of Article III of the Texas Constitution. Tex. Const. art. III, §§ 44, 51, 53. The
City asserts that sections 44 and 53 prohibit the payment of additional compensation
to municipal employees after service has been rendered and that section 51 prohibits
the grant of public moneys for unauthorized purposes.
          Section 44 of the Texas Constitution provides:The Legislature shall provide by law for the compensation of all
officers, servants, agents and public contractors, not provided for in this
Constitution, but shall not grant extra compensation to any officer,
agent, servant, or public contractors, after such public service shall have
been performed or contract entered into, for the performance of the
same; nor grant, by appropriation or otherwise, any amount of money
out of the Treasury of the State, to any individual, on a claim, real or
pretended, when the same shall not have been provided for by pre-existing law; nor employ any one in the name of the State, unless
authorized by pre-existing law.
 
Tex. Const. art. III, § 44. Section 51 of the Texas Constitution provides:
 
The Legislature shall have no power to make any grant or authorize the
making of any grant of public moneys to any individual, association of
individuals, municipal or other corporations whatsoever; provided that
the provisions of this Section shall not be construed so as to prevent the
grant of aid in cases of public calamity.
 
Tex. Const. art. III, § 51. Section 53 of the Texas Constitution provides:
 
The Legislature shall have no power to grant, or to authorize any county
or municipal authority to grant, any extra compensation, fee or
allowance to a public officer, agent, servant or contractor, after service
has been rendered, or a contract has been entered into, and performed in
whole or in part; nor pay, nor authorize the payment of, any claim
created against any county or municipality of the State, under any
agreement or contract, made without authority of law.
 
Tex. Const. art. III, § 53. 
          In Byrd v. City of Dallas, 6 S.W.2d 738, 740–41 (Tex. 1928), the Texas
Supreme Court addressed constitutional challenges to state pension laws similar to
those presented in this case. Specifically, the court addressed the argument that
certain pension laws were invalid because of the limitations on legislative power
found in sections 44, 51, 52, and 53 of article 3 of the Texas Constitution. Id. at 740. 
The court noted that the above-cited sections of the constitution were “intended to
prevent the application of public funds to private purposes; in other words, to prevent
the gratuitous grant of such funds to any individual, corporation, or purpose
whatsoever.” Id. at 740. In finding that the pension established by statute was part
of the compensation package provided to employees for services rendered and that the
pension laws constituted a valid exercise of the legislative power, the court stated:
There is no reason why a city may not engage its servants and
employees upon any terms of payment acceptable to both parties. The
plan authorized by the statute contemplates in legal effect that as
compensation the officers and employees named shall receive the
salaries agreed upon to be paid periodically and shall be entitled to
participate in the fund provided for pensions according to the statutory
plan. . . . When an officer or employee coming within the statute is
employed and evidences his assent to the pension scheme, he thereupon
has a binding contract with his employer for the stipulated salary and
likewise to be “entitled to participate” in the fund upon the terms
prescribed. The right to participate in such fund is therefore not a
gratuity or donation in any sense. It is as much a part of the agreed
compensation as is the monthly stipend. 
Id. at 6 S.W.2d at 740–41 (emphasis added).
          Here, the terms of the statutory plan permitted the firefighters to file their
application for prior service credits subsequent to their commencement of membership
in the Fund. While the City disagrees with the Fund’s decision to grant 22 of the
applications for prior service credits, the City has not established that the Fund’s
decisions, with respect to those applications, were invalid or otherwise illegal. 
Accordingly, we hold that requiring the City to contribute to the Fund pursuant to its
statutory obligation does not violate the Texas Constitution. See Williams, 183
S.W.3d at 424 (stating “that requiring the City to pay the fire fighters statutorily-authorized compensation that they have earned for services rendered for the public
good does not violate the Texas Constitution”).
          We overrule the City’s fourth issue. 
Laches
          In its fifth issue, the City contends that the firefighters, and therefore the Fund,
are estopped from bringing their actions by the doctrine of laches because the
firefighters waited up to 30 years to apply for prior service credits, delayed in making
the demand to the city for the statutory contributions, and delayed in filing the appeal. 
The City contends that the firefighters “should be prohibited from pursuing this action
that would equitably subject City taxpayers to hundreds of thousands of dollars in
unwarranted liability.”
          We have held that the firefighters applied for prior service credits pursuant to
the terms of the statutory plan and that the firefighters timely filed their appeal of the
Board’s decision in accordance with their rule 11 agreement with the Fund. We have
also held that nothing in section 30 of former article 6243e.2 required the firefighters
to apply for service credits contemporaneously with or not later than 60 days from the
date of of their transfer to the City and their commencement of membership in the
Fund. The Board’s determination that “applicants who have applied for prior service
credit not be rejected only because they did not apply at the time they transferred” is
consistent with section 30 of former article 6243e.2. Accordingly, we further hold that
the firefighters and the Fund were not estopped from bringing their actions under the
doctrine of laches.
          We overrule the City’s fifth issue. 
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice
 
Panel consists of Justices Nuchia, Jennings, and Higley.